476 So.2d 165 (1985)
STATE of Florida, Petitioner,
v.
Earl ENMUND, Respondent.
No. 66264.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 18, 1985.
*166 Jim Smith, Atty. Gen., and James H. Dysart, Asst. Atty. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for respondent.
McDONALD, Justice.
The second district has certified the following question as being of great public importance:
When a defendant is convicted of felony murder, can he be convicted of, although not sentenced for, the underlying felony?
Enmund v. State, 459 So.2d 1160, 1162 (Fla. 2d DCA 1984). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the certified question by holding that the underlying felony is not a necessarily lesser included offense of felony murder and that a defendant can be convicted of and sentenced for both felony murder and the underlying felony.
A jury convicted Enmund of two counts of first-degree murder and one count of robbery, and the trial court sentenced him to death for each murder and to life imprisonment for the robbery. We affirmed both his convictions and sentences, Enmund v. State, 399 So.2d 1362 (Fla. 1981), but the United States Supreme Court reversed his death sentences. Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). On remand we vacated the death sentences and directed the trial court to resentence Enmund. Enmund v. State, 439 So.2d 1383 (Fla. 1983).
At resentencing the trial court granted Enmund's motion to vacate the life sentence *167 for the robbery conviction and sentenced him to life imprisonment with no eligibility for parole for twenty-five years for each of the homicides. The court directed that the two twenty-five-year minimum mandatories would run consecutively, thereby making Enmund ineligible for parole for fifty years. On appeal the district court held that the minimum mandatories could only be concurrent, not consecutive. The second district also followed State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983), review denied, 450 So.2d 486 (Fla. 1984), in which it relied on Bell v. State, 437 So.2d 1057 (Fla. 1983), to hold that the conviction of, as well as the sentence for, robbery could not stand. The district court then certified the above-stated question.
The effect of recent opinions on State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), prompted the certified question. In Hegstrom we considered the issue of multiple punishments for discrete crimes arising out of the same offense. After analyzing Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), and Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), we held that
the fifth amendment presents no substantive limitation on the legislature's power to prescribe multiple punishments, and that double jeopardy seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.
401 So.2d at 1345 (footnote omitted). We then stated that in a felony murder the underlying felony is necessarily an offense included within the murder and held that Hegstrom could be convicted of, but not sentenced for, robbery as well as murder. We also receded from State v. Pinder, 375 So.2d 836 (Fla. 1979), where we held that a defendant can neither be convicted of nor sentenced for both murder and an underlying felony.
In Bell we held that a defendant can neither be convicted of nor sentenced for a lesser included offense. In State v. Baker, 456 So.2d 419 (Fla. 1984), however, we limited Bell to necessarily lesser included offenses. The instant question, therefore, presents the issue of whether the underlying felony is a necessarily lesser included offense of felony murder.
After studying Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), we conclude that the underlying felony is not a necessarily lesser included offense of felony murder. In Hunter the Supreme Court held that even though first-degree robbery and armed criminal action constituted the same offense under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Hunter could be convicted of and punished for both crimes. Blockburger sets out a test of statutory construction which we used in Baker and which the legislature has adopted in subsection 775.021(4), Florida Statutes (1983). The United States Supreme Court, however, has now made it clear that the Blockburger rule of statutory construction will not prevail over legislative intent. As stated in Hunter:
Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
459 U.S. at 368-69, 103 S.Ct. at 679; Albernaz, 450 U.S. at 340, 101 S.Ct. at 1142; Baker, 456 So.2d at 421; State v. Gibson, 452 So.2d 553, 558 (Fla. 1984). We find sufficient intent that the legislature intended multiple punishments when both a murder and a felony occur during a single criminal episode.
We hold that an underlying felony is not a necessarily lesser included offense of felony murder and hereby overrule *168 Hegstrom.[*] Therefore, we hold that a defendant can be convicted of and sentenced for both felony murder and the underlying felony. We quash that portion of Enmund which vacates Enmund's robbery conviction and remand for reinstatment of both that conviction and its attendant sentence.
We also quash the district court's holding that Enmund's minimum mandatory twenty-five-year sentences should be concurrent instead of consecutive. In reaching this conclusion the court relied on Palmer v. State, 438 So.2d 1 (Fla. 1983). We find, however, that Palmer does not control the instant situation.
Palmer used one revolver to rob thirteen people at the same time. After analyzing subsection 775.087(2), Florida Statutes (1981), we held that three-year minimum mandatory sentences for firearm possession while committing a felony could not be made consecutive for offenses arising from a single criminal episode. Here, however, we have two separate and distinct homicides.
Section 921.141, Florida Statutes (1983), provides that a person convicted of a capital felony shall be sentenced to death or to life imprisonment without eligibility for parole for twenty-five years. Any such person not sentenced to death "shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole." § 775.082(1), Fla. Stat. (1983). We hold that the legislature intended that the minimum mandatory time to be served before becoming eligible for parole from a conviction of first-degree murder may be imposed either consecutively or concurrently, in the trial court's discretion, for each and every homicide. See § 775.021(4), Fla. Stat. (1983).
In remanding for resentencing we stated that Enmund's "sentencing court shall have the discretion to decide whether the two sentences of life imprisonment are to be served concurrently or consecutively." 439 So.2d at 1383. Palmer is not analagous to this situation, and we hold that the district court should not have reversed the trial court's exercise of its discretion.
We quash the district court's decision and answer the certified question as set out above.
It is so ordered.
ADKINS, ALDERMAN and EHRLICH, JJ., concur.
SHAW, J., concurs specially with an opinion with which BOYD, C.J., concurs.
OVERTON, J., concurs in part and dissents in part with an opinion.
SHAW, Justice, concurring specially.
I write separately in order to explain my rationale for concluding that an underlying (predicate) felony is not a necessarily lesser included offense of first-degree murder. In my view this has always been so and Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), merely accentuates the point.
Under the felony murder rule, the only element of the predicate felony which is relevant to first-degree felony murder is the intent which is shared by the two offenses. Through the doctrine of constructive malice, the intent to commit the felony is substituted for the intent to commit the murder: "it is the commission of a homicide in conjunction with intent to commit the felony which supplants the requirement of premeditation for first-degree murder... ." Bryant v. State, 412 So.2d 347, 350 (Fla. 1982); "[i]n cases of felony murder the mental element of the offense is that which is required for the felony; premeditation is supplied by the felony," Jacobs v. State, 396 So.2d 1113, 1115 (Fla.) cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981); "[t]he malice aforethought is supplied by the felony, and in this manner the rule is regarded as a constructive *169 malice device." Adams v. State, 341 So.2d 765, 768 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977) (footnotes omitted). See also R. Perkins & R. Boyce, Criminal Law 61-72 (3d ed. 1982); 2 Charles Torcia, Wharton's Criminal Law § 145 (14th ed. 1979); Note, Mens Rea as an Element Necessary for Capital Punishment, 48 Mo.L.Rev. 1063 (1983); Comment, The Felony Murder Rule and the Death Penalty: Enmund v. Florida  Overreaching by the Supreme Court?, 19 New Eng.L.Rev. 255 (1983-84); Note, Enmund v. Florida: The Constitutionality of Imposing the Death Penalty upon a Co-Felon in Felony Murder, 32 De Paul L.Rev. 713 (1983). This proposition can be seen most clearly by recognizing that an attempted felony can also be a predicate for a felony murder: the only predicate proof required is that a felony was intended; there is no requirement to prove the non-intent elements of the felony. An attempted felony serves just as well as a completed felony as a predicate for felony murder. With this understanding of the underpinnings of the felony murder rule in mind, application of the rule of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to the statutory elements of sections 782.04(1), Florida Statutes (1973-83), (first-degree murder), and the predicate felonies listed therein show that each contains at least one element unique to itself.
We have had a long-standing problem with this issue in its various permutations: single transaction rule, double jeopardy, application of the Blockburger rule, lesser included offenses, and generally, legislative intent in adopting section 775.021(4), Florida Statutes (1977). For a fuller account of our problems and theorems, see Kaden "End of the Single Transaction Rule," Fla. B.J. (1983). We have recently resolved most of these problems by recognizing that the Blockburger test is one of legislative intent, not double jeopardy, and that the test is applied only to the statutory elements, not to the pleadings or the proof introduced at trial. State v. Baker, 456 So.2d 419 (Fla. 1984); Scott v. State, 453 So.2d 798 (Fla. 1984); State v. Baker, 452 So.2d 927 (Fla. 1984); State v. Gibson, 452 So.2d 553 (Fla. 1984). The only remaining anomaly prior to the decision here was State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), where we held that there could be convictions for both a felony murder and the predicate felony, but no sentence imposed for the felony. We grounded our decision in Hegstrom on our reading of section 775.021(4), Florida Statutes (1979), which provided for separate sentences for each violation of two or more criminal statutes, "excluding lesser included offenses," committed during one criminal episode. It is now clear from the Kaden research, at least in my view, that we misread the legislative intent of the quoted phrase  that it was intended to protect the statute against a misperceived double jeopardy problem which did not in fact exist. Any doubt I might have on the Kaden thesis has been resolved by the adoption of chapter 83-156, section 1, Laws of Florida which overrides Hegstrom by deleting the phrase on which it stood, "excluding lesser included offenses" and by adopting the Blockburger rule as a rule of statutory construction, "without regard to the accusatory pleading or the proof adduced at trial." § 775.021(4), Fla. Stat. (1983).[*]
It is clear from Ball v. United States, ___ U.S. ___, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), Missouri v. Hunter; Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); and Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), that the double jeopardy *170 clause imposes no meaningful restriction on the legislative power to define offenses and to prescribe punishment. It is also clear from section 775.021(4), Florida Statutes (1977-83), that the legislature intends that separate convictions and separate sentences be imposed for separate offenses. I can see no reason in law, logic, or justice why a lawbreaker who commits, for example, both a rape and a murder in commission of the rape, should not be convicted and sentenced for both rape and felony murder, as, in my view, the legislature intended. For these reasons I concur with the majority opinion.
BOYD, C.J., concurs.
OVERTON, Justice, concurring in part, dissenting in part.
I concur with the majority's holding that the trial judge has the discretionary authority to impose consecutive mandatory minimum sentences for separate homicides. I dissent from the overruling of Hegstrom. Because the elements of the felony are the elements utilized as a substitute for premeditation in establishing first-degree murder, I conclude that two separate sentences cannot be imposed for the identical conduct. By holding that a defendant may be sentenced for both the underlying felony and first-degree felony murder, the majority's opinion, in my view, jeopardizes our felony murder rule and all the convictions we have affirmed on the basis of felony murder.
NOTES
[*] We also recede from the second sentence of note 6 to State v. Gibson, 452 So.2d 553, 557 (Fla. 1984).
[*] Section 775.021(4) now reads:

(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.