476 So.2d 165 (1985)
STATE of Florida, Petitioner,
v.
Timothy Lee CARNEY, Respondent.
No. 66163.
Supreme Court of Florida.
August 29, 1985.
Jim Smith, Atty. Gen. and Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for respondent.
SHAW, Justice.
This cause is before us based on a certified question of great public importance. Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court below addressed the question of appellate review of departures from sentencing guidelines where a trial court relies on both permissible and impermissible reasons for the departure. Applying a harmless error analysis, the court concluded that it was unable to determine whether elimination of the impermissible reasons would have affected the departure sentence. Accordingly, the court reversed the sentence, remanded for resentencing, and certified as a question of great public importance the same question certified in Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).
We addressed the broad question of appellate review of departures from sentencing guidelines in Albritton v. State, 476 So.2d 158 (Fla. 1985), and answered the certified question in State v. Young, 476 So.2d 161 (Fla. 1985). Although the district court did not have the benefit of these decisions, its reasoning and conclusion largely parallel our own: "When a departure sentence is grounded on both permissible and impermissible reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the impermissible reason(s) would not have affected the departure sentence." Young, 476 So.2d 161, 162, (Fla. 1985). We approve the decision below.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.