McDONALD, Justice.
In Pina v. State, 468 So.2d 475, 477 (Fla. 2d DCA 1985), the district court certified the following question: “When a defendant is convicted of felony murder, can he be convicted of, although not sentenced for, the underlying felony?” [1] The court vacated Pina’s convictions and sentences for robbery and also held that Pina’s two minimum mandatory twenty-five-year sentences before parole for first-degree murder would have to be concurrent rather than consecutive as directed by the trial court. We recently considered these two points in State v. Enmund, 476 So.2d 165 (Fla.1985).[2] In Enmund we held that a defendant can be both convicted of and sentenced for both felony murder and the underlying felony and that there is nothing to prevent a trial court from sentencing a defendant to consecutive twenty-five-year minimum mandatory sentences for first-degree murder. We therefore quash the district court’s decision on these two points and direct that court to affirm Pina’s convictions and sentences as imposed by the trial court.
It is so ordered.
BOYD, C.J., and EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.
ADKINS, J., dissents.

. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.

. Pina also argues several points which have nothing to do with the Enmund issues and which we choose not to address.