PER CURIAM.
This case is before us on petition to review a decision reported as W.S.L. v. State, 470 So.2d 828 (Fla. 2d DCA 1985), in which the Second District Court of Appeal certi *422 fied the following question as being of great public importance:
When a defendant is guilty of felony murder, can he be convicted of, although not sentenced for, the underlying felony?
Id. at 830. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The district court held that the trial court erred in adjudicating respondent guilty on both the felony murder and the underlying felony of sexual battery, and reversed the conviction and sentence for sexual battery. We answered the same certified question contrary to this ruling in State v. Enmund, 476 So.2d 165 (Fla.1985), by holding that the underlying felony is not a necessarily lesser included offense of felony murder and that a defendant can be convicted of and sentenced for both felony murder and the underlying felony.
The district court also held that the trial court erroneously denied respondent’s motion for a determination of his competency to stand trial, and it remanded to the trial court for an evidentiary hearing on the matter. We agree with the district court that respondent was entitled to a hearing on his competency to stand trial. We find, however, in accordance with our recent decision in Hill v. State, 473 So.2d 1253 (Fla.1985), that a hearing to determine whether respondent was competent at the time he was tried cannot be held retroactively because respondent's “due process rights would not be adequately protected” under such a procedure. Drope v. Missouri, 420 U.S. 162, 183, 95 S.Ct. 896, 909, 43 L.Ed.2d 103 (1975). Such a hearing must be conducted contemporaneously with the trial. Pate v. Robinson, 383 U.S. 375, 387, 86 S.Ct. 836, 843, 15 L.Ed.2d 815 (1966).
Accordingly, we quash those portions of the district court’s decision which hold that respondent cannot be convicted and sentenced for both first-degree felony murder and the underlying felony, and that respondent’s competency to stand trial can be determined retrospectively. We vacate the convictions and sentences and remand with directions that the state may proceed with a new trial if the trial court determines that respondent is competent to stand trial.
It is so ordered.
BOYD, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
ADKINS, J., dissents.