512 So.2d 955 (1987)
George BOATWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. BO-13.
District Court of Appeal of Florida, First District.
June 12, 1987.
On Motion for Rehearing September 11, 1987.
Michael E. Allen, Public Defender, David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant, George Boatwright, appeals from a conviction on counts of burglary with intent to commit sexual battery, kidnapping with intent to commit sexual battery, and two counts of sexual battery on a person less than 12 years of age.
Boatwright received a sentence of 25 years imprisonment on the charge of burglary of a dwelling with intent to commit assault. Boatwright's sentence provided that this count would run consecutively with Counts 2 and 4, which both involved sexual battery. In addition, Boatwright's sentence required that his conviction of burglary of a dwelling would run concurrently with Count 3, his sexual battery count. Boatwright was also sentenced to 25 years imprisonment for his conviction of kidnapping. This sentence was to run consecutively with Boatwright's convictions for Counts I and III, burglary of a dwelling and sexual battery. It was to run concurrently with his conviction on Count 4 of sexual battery. As to Count 3 (sexual battery), Boatwright received a sentence of life without the possibility of parole for 25 years. This sentence was to run consecutively with Counts II and IV, which involved kidnapping and sexual battery. Count 3 was also required to run concurrently with Boatwright's conviction for burglary of a dwelling. Finally, Boatwright received a life sentence without the possibility of parole for his conviction on Count 4, his second sexual battery count. Again, this life term was without the possibility of *956 parole for 25 years. This sentence was to run consecutively with Boatwright's conviction of burglary of a dwelling as well as with his sexual battery conviction under Count 3. It was to run concurrently with Boatwright's conviction for kidnapping.
Boatwright alleges that the trial court erred in stacking minimum mandatory consecutive sentences because his criminal acts occurred in one continuous course of conduct. We agree, and reverse. See Pratt v. State, 472 So.2d 799 (Fla. 3d DCA 1985).
We also find that the trial court erred in scoring both sexual battery counts since they were capital felonies to which the sentencing guidelines do not apply. See section 921.001(4)(a), Florida Statutes (1985). On remand, therefore, the trial court should recalculate the offenses on Boatwright's scoresheet, bearing in mind that capital felonies are not to be scored. We have considered the other issues which Boatwright raises, and find them to be without merit.
REVERSED and REMANDED.
THOMPSON and NIMMONS, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
The State moves for rehearing claiming our original opinion is at variance with two Florida Supreme Court decisions, State v. Enmund, 476 So.2d 165 (Fla. 1985), and Pina v. State, 479 So.2d 107 (Fla. 1985). Although we do not recede from the holding of our opinion, we do find it appropriate to address and clarify certain matters.
In State v. Enmund, 476 So.2d 165 (Fla. 1985), the Florida Supreme Court held that a trial court may sentence a defendant to consecutive 25-year minimum mandatory sentences for first-degree murder. In reaching this conclusion, the court distinguished Palmer v. State, 438 So.2d 1 (Fla. 1983), where it had found that section 775.021(4), Florida Statutes (1981), which permits a trial judge in his discretion to order that sentences be served concurrently or consecutively, was not intended to allow the "stacking" of consecutive mandatory three-year minimum sentences. The defendant in Enmund had been convicted of two counts of first-degree murder and one count of robbery. The trial court sentenced the defendant to death for each murder. The United States Supreme Court later reversed Enmund's death sentences. Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). On remand the Florida Supreme Court directed the trial court to resentence Enmund. Enmund v. State, 439 So.2d 1383 (Fla. 1983). The trial court determined that Enmund's two twenty-five-year minimum mandatories would run consecutively, which meant he would be ineligible for parole for fifty years. The district court reversed, holding that Enmund's minimum mandatories could only be concurrent, not consecutive.
The State appealed to the Florida Supreme Court which quashed the district court's decision. The court found the facts of Palmer v. State, supra, where the defendant had "used one revolver to rob 13 people at the same time," to be distinguishable from the crimes Enmund had committed, which involved "two separate and distinct homicides." Enmund, 476 So.2d at 168. The court later reached a similar result in another case involving double homicides. See Pina v. State, 479 So.2d 107 (Fla. 1985) (holding that notwithstanding that murders were committed during the same criminal episode, a defendant who was convicted of two counts of felony-murder in the first-degree could be sentenced to consecutive 25-year minimum mandatory sentences).
The supreme court specifically found in Enmund that "the legislature intended that the minimum mandatory time to be served before becoming eligible for parole from a conviction of first-degree murder may be imposed either consecutively or concurrently, in the trial court's discretion, for each and every homicide." Enmund, 476 So.2d at 168 (emphasis added). In spite of this language, however, the Enmund decision's reliance on section 921.141, Florida Statutes (1983); and section 775.082, *957 Florida Statutes (1983), which together provide that a person convicted of a capital felony shall be sentenced to death or to life imprisonment without eligibility of parole for 25 years, suggests the scope of the Enmund decision may possibly extend not only to capital felonies involving homicide, but to all capital felonies, including the one in the instant case which involves sexual battery on a child under the age of twelve.
At least one case decided since Enmund and Pina suggests that Enmund's holding does not apply except in instances where a defendant is being sentenced for double homicides. In Murray v. State, 491 So.2d 1120 (Fla. 1986), the court again took up the question of imposing consecutive mandatory minimum terms on a defendant who, like the defendant in the instant case, had been convicted of two sexual batteries. The 4th DCA had held that the defendant's sexual batteries "occurred at the same place as the result of a continuing unit of criminal activity," thus requiring, in light of Palmer v. State, that the two mandatory minimum sentences which the trial court had imposed be served concurrently, rather than consecutively. Murray v. State, 471 So.2d 70, 72 (Fla. 4th DCA 1984). On review, the Florida Supreme Court acknowledged that the "district court below properly found the sexual batteries to have occurred at the same time and place, and thus properly required the two mandatory minimums imposed therefor to be served concurrently." Murray, 491 So.2d at 1123. Although the Murray decision did not involve a capital felony, it is a later expression of the court than Enmund, a fact which suggests the court did not mean to jettison its proscription against imposing mandatory minimum sentences consecutively in instances where a crime has been committed during a single, continuous episode. See also Wilson v. State, 467 So.2d 996 (Fla. 1985); State v. Ames, 467 So.2d 994 (Fla. 1985).
The instant case involves a factual situation which is something intermediate between that found in Murray v. State, on the one hand, and Enmund v. State, on the other. Like the former case, it concerns the imposition of consecutive minimum mandatory sentences upon multiple convictions of sexual battery committed in the course of what appears to have been a single criminal occurrence. Like Enmund v. State, however, this case involves the imposition of consecutive minimum mandatory sentences upon capital felony convictions. Since the supreme court has not expressly indicated either in the Enmund decision or elsewhere that a trial court may impose consecutive sentences in any situations beyond those concerning double homicides, we adhere to our previous holding. We do, however, certify the following question:
WHETHER THE FLORIDA SUPREME COURT, IN STATE V. ENMUND, MEANT TO PERMIT A TRIAL JUDGE, IN HIS DISCRETION, TO STACK MINIMUM MANDATORY SENTENCES IN ALL CASES CONCERNING CAPITAL FELONIES, OR WHETHER IT MEANT TO RESTRICT THE SCOPE OF ITS HOLDING IN THAT DECISION TO CASES INVOLVING HOMICIDE.
THOMPSON and NIMMONS, JJ., concur.