WENTWORTH, Judge.
Appellant seeks review of an order by which his fourth Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief was denied. We find the trial court correctly denied the motion as an abuse of procedure. We therefore affirm.
Appellant in 1971 was convicted of three counts of kidnapping, and sentenced to consecutive terms of ten, five and five years incarceration on the three counts. He sought review of the conviction and sentence in this court, which per curiam affirmed. Roberts v. State, 266 So.2d 421 (Fla. 1st DCA 1972). He then filed a Rule 3.850 motion, raising a speedy trial issue. The trial court denied the motion, and this court per curiam affirmed. Roberts v. State, 281 So.2d 219 (Fla. 1st DCA 1973). He filed a second Rule 3.850 motion, raising the issues of illegal consecutive sentences and ineffective assistance of counsel. The trial court denied that motion, and this court per curiam affirmed. Roberts v. State, 292 So.2d 371 (Fla. 1st DCA 1974). Appellant filed a third Rule 3.850 motion, raising a double jeopardy issue. The trial court denied the motion. Appellant filed a fourth Rule 3.850 motion, raising again the issue of illegal consecutive sentences and error in the trial court’s denial of his pretrial motion to quash the information. The trial court denied the motion, finding it to be successive and an abuse of procedure.
Florida Rule of Criminal Procedure 3.850 provides:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Appellant raised the illegal consecutive sentences issue in his second and third Rule 3.850 motions, which were denied on the merits. He erroneously asserts that he has raised new grounds for relief in his fourth Rule 3.850 motion, based on the Florida Supreme Court’s decision in State v. Enmund, 476 So.2d 165 (Fla.1985). En-mund, holding that a defendant can be convicted of and sentenced for both felony-murder and the underlying felony, is inapplicable to appellant’s case, as is Palmer v. State, 438 So.2d 1 (Fla.1983), cited in En-mund, prohibiting the stacking of minimum mandatory sentences for firearm possession. Appellant therefore has not asserted new or different grounds for relief based on a change in law. As to appellant’s second claim, he has failed to allege any reason for not having raised this issue in any of his three prior Rule 3.850 motions. The trial court therefore correctly denied appellant’s motion as an abuse of procedure.
The order, accordingly, is affirmed.
MILLS and BARFIELD, JJ., concur.