PER CURIAM.
The appellant, Gasper Wilson, challenges the sentences imposed after he was convicted of armed robbery and aggravated assault. We reverse.
Although the scoresheet reflected a guidelines sentencing range of four and one-half to five and one-half years incarceration, the trial court sentenced the appellant to ten years imprisonment for the armed robbery charge and to a concurrent term of five years imprisonment for the aggravated assault charge. In the trial court’s written reasons for departure, the trial court stated: “A guideline sentence of 4V2 to 5V2 years is insufficient to adequately rehabilitate the defendant, to deter him from committing other acts of armed robbery and to deter others from committing crimes of armed robbery with a firearm.” In this timely appeal, the appellant contends that all the reasons the trial court gave for departing from the guidelines range are invalid. We agree.
A trial court’s written finding that a recommended guidelines sentence is insufficient to rehabilitate a defendant or to deter his committing another crime is not a valid reason for departure. See Scott v. State, 508 So.2d 335 (Fla.1987). Likewise, the deterrence of others is also an invalid reason to depart from the guidelines. See Scurry v. State, 489 So.2d 25 (Fla.1986).
Since all of the trial court’s reasons for departing from the guidelines are invalid, we reverse the sentences imposed and remand for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER and PARKER, JJ., concur.