HERSEY, Chief Judge.
James Mose Boyd was convicted of one count of kidnapping and four counts of sexual battery. He was sentenced to three consecutive and two concurrent terms of life imprisonment. Each sentence included a twenty-five-year mandatory minimum. The issue on appeal is the propriety of the consecutive mandatory minimum sentences.
During the course of a single criminal episode appellant sexually molested an eight-year-old male child by performing four different and distinct acts of depraved sexual conduct. As we view the present status of Florida law, which we will shortly examine, appellant may not be sentenced to consecutive mandatory minimum terms because his crimes were committed during a single criminal episode.
Consecutive mandatory minimum sentences were condemned in Palmer v. State, 438 So.2d 1 (Fla.1983), where the supreme court reasoned that consecutive three-year mandatory minimum sentences deny the defendant eligibility for parole for a period greater than three years, which is a result not intended by our legislature. Subsequently, in 1983, the legislature eliminated parole for individuals sentenced pursuant to the sentencing guidelines. § 921.001(8), Fla.Stat. (1983). Palmer continued to be viable. However, the courts shifted emphasis from parole considerations to the question of whether the criminal activity consisted of a single episode or whether the crimes were separate and distinct. See Suarez v. State, 464 So.2d 259 (Fla. 2d DCA 1985), approved, 485 So.2d 1283 (Fla. 1986). The only exception to the prohibition against consecutive mandatory minimum sentences thus far recognized is where there are “two separate and distinct homicides.” State v. Enmund, 476 So.2d 165, 168 (Fla.1985).
The state argues that courts have consistently treated sexual battery on a child as a capital felony (even though the death *133 penalty may no longer be imposed) and that the capital crime of homicide has been found to be an exception to the general rule of Palmer (that consecutive mandatory minimum sentences are not to be imposed for crimes arising from one Criminal episode). Neither the supreme court nor the legislature has made its position clear with regard to cases like the one at bar. The first district, however, in a case strikingly similar to the facts before us, considered and rejected the opportunity to expand the Enmund exception to other capital felonies. Boatwright v. State, 512 So.2d 955, 957 (Fla. 1st DCA 1987). There, as here, there were multiple sexual batteries on a child under the age of twelve, thus capital felonies. The court found that the batteries constituted “a single criminal occurrence,” but certified the question to the supreme court.
The state argues that the crimes in question are so despicable that it cannot possibly be the intention of the legislature to “suddenly lessen the penalty for sexual battery on a child” by not permitting the imposition of consecutive sentences. The state points to section 775.021(4)(a-b), Florida Statutes (Supp.1988), as evidence that the legislature intended separate punishments for each offense arising from one criminal episode. However, this court has held in Meadows v. State, 534 So.2d 1233 (Fla. 4th DCA 1988), that the amended version of section 775.021(4) is not to be applied retroactively in determining whether dual convictions are permissible where the offenses arise from a single act. See also State v. Smith, 547 So.2d 613 (Fla.1989).
If one purpose of punishment is deterrence, as it surely must be, then the rationale which precludes consecutive mandatory minimum sentences cries out for reexamination. In the case of concurrent sentences, all after the first are for the most part illusory. There is, in effect, only one punishment imposed. The message which such sentencing imparts to the criminal element in our society is that if one commits one sexual battery, he may as well commit several because the punishment will be the same for two or four or eight as for one. There is something wrong with that logic, as any victim would surely attest.
Following the lead of the first district in Boatwright, we certify the following question as one of great public importance:
WHETHER THE HOLDING IN STATE V ENMUND PERMITTING CONSECUTIVE MANDATORY MINIMUM SENTENCES IS RESTRICTED TO CASES INVOLVING MULTIPLE HOMICIDES COMMITTED DURING A SINGLE CRIMINAL EPISODE OR WHETHER IT MAY BE CONSTRUED TO INCLUDE OTHER CAPITAL FELONIES.
We reverse and remand for the imposition of concurrent rather than consecutive mandatory minimum sentences.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs.
LETTS, J., dissents in part with opinion.