EHRLICH, Chief Justice.
We have for our review Boyd v. State, 546 So.2d 132, 133 (Fla. 4th DCA 1989), wherein the district court certified the following question of great public importance:
Whether the holding in State v. Enmund [476 So.2d 165 (Fla.1985)] permitting consecutive mandatory minimum sentences is restricted to cases involving multiple homicides committed during a single criminal episode or whether it may be construed to include other capital felonies.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
*1026 We recently addressed this question in State v. Boatwright, 559 So.2d 210 (Fla. Mar. 22, 1990). We stated that the statutes relied upon in- the Enmund decision are equally applicable to convictions for capital sexual battery and that we found no logical basis for distinguishing between the two capital felonies of first-degree murder and sexual battery upon a child under the age of -twelve. We held that as with convictions for first-degree murder, the legislature intended the trial court to have the discretion to order the twenty-five-year mandatory minimum sentences upon conviction of multiple counts of capital sexual battery to be served concurrently or consecutively. Id. at 211.
Accordingly, the district court should not have reversed the trial court’s exercise of its discretion. We quash the decision of the district court below, for the reasons expressed in Boatwright, and remand with directions to reinstate the sentences as imposed by the trial court.
It is so ordered.
overton, McDonald, shaw, BARKETT, GRIMES and KOGAN, JJ., concur.