HARRIS, Judge.
Henry Lewis Astrop accompanied his girlfriend, Katherine J. Graham, to the home of Janine Vandenberg. They were both invited into the home. When Astrop was ready to leave, Graham wasn’t. Astrop took her by the arm and attempted to pull her from the house. Vandenberg, brandishing two knives, convinced Astrop to leave without Graham. Astrop decided to return. He entered by breaking a window. He threatened to kill Graham if she didn’t go with him. The police were called and Astrop was arrested.
The State charged Astrop with burglary of a dwelling with an assault and, in addition, with a separate charge of assault. The information alleges insufficient facts to permit a distinction between the two alleged assaults. Astrop was convicted of both. We reverse the misdemeanor assault conviction.
Astrop claims that the double conviction for assault was improper because the second assault charge was subsumed in the conviction for burglary of a dwelling with an assault. The State urges that the attempt to forcibly remove Graham from the house could constitute a separate assault. But Graham did not testify that Astrop made any threats, by word or deed, to do violence to her during this period. Astrop merely pulled Graham by the arm toward the kitchen door. Perhaps a battery was proved, but it wasn’t charged. And this earlier incident *1154 could not constitute the burglar “with an assault” charge because it occurred while Astrop was in the home by invitation. Therefore, the separate assault conviction could only have been based on the same threatening conduct that was the basis for enhancing the burglary charge. Even so, it is possible to be lawfully twice convicted for the same conduct if two separate crimes are committed by such conduct.
In State v. Enmund, 476 So.2d 165, (Fla.1985), our supreme court upheld separate sentences for both a felony murder and the qualifying felony by finding that our legislature intended in a single trial situation, multiple convictions and punishments unless one of the offenses was a necessarily lesser included offense of the other. Applying our codified version of Blockburger,[1] our supreme court determined that the qualifying felony is not a lesser included offense of the felony murder based on it. Like Enmund, our case involves a single trial. And a separate charge for assault is to the charge of burglary with an assault what a separate charge for the independent qualifying felony is to the charge of felony murder. In both cases, the qualifying offense must be proved in order for the greater offense (felony murder) or the enhanced offense (burglary with an assault) to be proved.
Because the Enmund analysis is based on the construction of our felony murder statute (in particular, what the elements of felony murder are), it is not dispositive of this case. In United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the United States Supreme Court, in applying its Blockburger standard, held that all of the elements of each of the felonies that could serve as a qualifying felony to a felony murder charge are incorporated into the felony murder statute insofar as a Blockburger analysis is concerned. It specifically held:
Dixon’s release form specified that he was not to commit “any criminal offense,” and warned that any violation of the conditions of release would subject him “to revocation of release, an order of detention, and prosecution for contempt of court.”
sfc ⅜ * ⅜ ⅜ ⅜
The Dixon court order incorporated the entire governing criminal code in the same manner as the Harris felony-murder statute incorporated the several enumerated felonies. Here, as in Harris, the underlying substantive criminal offense is “a species of lesser-included offense.”
U.S. v. Dixon, 509 U.S. at 691, 698, 113 S.Ct. at 2853, 2857. Chief Justice Rehnquist, in his concurring and dissenting opinion, made this point even clearer:
Though the felony-murder statute in Harris did not require proof of armed robbery, it did include as an element of proof that the defendant was engaged in the commission of some felony. Harris v. State, 555 P.2d 76, 80 (Okla.Crim.App.1976). We construed this generic reference to some felony as incorporating the statutory elements of the various felonies upon which a felony-murder conviction could rest.
U.S. v. Dixon, 509 U.S. at 717, 113 S.Ct. at 2867.
However, our supreme court in Enmund construed our codified version of Blockburger differently. Justice Shaw, in explaining his reasoning, stated that the elements of none of the felonies referred to in our felony murder statute are incorporated into our felony murder statute. He stated:
Under the felony murder rule, the only element of the predicate felony which is relevant to first-degree felony murder is the intent which is shared by the two offenses. Through the doctrine of constructive malice, the intent to commit the felony is substituted for the intent to commit the murder.
⅜ * # ⅝ ¾: ⅝
This proposition can be seen most clearly by recognizing that an attempted felony can also be a predicate for a felony murder: the only predicate proof required is that a felony was intended; there is no *1155 requirement to prove the non-intent elements of the felony.
Enmund, 476 So.2d at 168,169.
Since the Enmund holding is based on the principle that a Blockburger analysis considers only the elements of the offenses involved and not the proof or pleadings, the determination of what the elements of felony murder are is critical in deciding whether one crime is subsumed by another.
The Enmund reasoning for its determination that the elements of a qualifying felony are not incorporated within the felony murder statute is very similar to the reasoning of the Oklahoma Criminal Court of Appeals in Harris v. State, 555 P.2d 76, 80-81 (Okl.Cr.1976):
In the case at bar the two offenses complained of, felony murder and robbery with firearms, are separate and distinct. The essential elements of robbery with firearms are: a wrongful taking of personal property in the possession of another from his person or presence against his will, by means of force or fear, and with the use of firearms. (Statutory citation omitted.) The defendant was also convicted of murder, the elements of which are: homicide ... perpetrated by a person engaged in the commission of any felony.
But this reasoning was specifically rejected on appeal by the Supreme Court of the United States in Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) (per curiam):
When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution of the lesser crime after conviction of the greater one ... cf. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). “[A] person [who] has been tried and convicted for a crime which has various incidents included in it, ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence [sic].”
As Justice Shaw points out in Enmund, the Florida felony murder statute includes in the list of qualifying felonies the attempt to commit those felonies. In Oklahoma, on the other hand, the felony murder statute was applicable to “any” felony. But that is not a significant difference. Since the attempt to commit any of these felonies is itself a separate, independent criminal offense (section 777.04, Florida Statutes), known as “criminal attempt,” does not the felony murder statute merely add all of these attempts as additional qualifying felonies? In other words, if the qualifying felony is alleged in the indictment to be robbery, do you not have to prove robbery in order to sustain the felony murder just as you would have to prove attempted robbery if that was the alleged qualifying felony? And since under Harris and Dixon a Blockburger analysis contemplates that all of the elements of all of the possible qualifying felonies are incorporated within the felony murder statute, does it really matter? Under the Dixon standard, whichever qualifying felony is relied on, if it is proved it is subsumed within the felony murder conviction.
In any event, the principles of Enmund were once again approved by reference in Boler v. State, 678 So.2d 319 (Fla. 1996). Certainly Florida courts have the authority to construe our statutes, even statutes that codify federal law, differently than the federal courts construe federal law. However, it seems to be the rule that state courts, when involved with this type of issue, usually do not construe their law differently from the federal law unless greater, and not lesser, protection is afforded to the accused. See generally Traylor v. State, 596 So.2d 957 (Fla.1992); Sambrine v. State, 386 So.2d 546 (Fla.1980). In our case, it appears that if our Blockburger analysis had been made under the Dixon standard, the qualifying felony would almost certainly have been considered a lesser included offense. However, this issue is no longer a concern of this court. We discuss Boler only to show that it was limited to felony murders and does not control this case.
In our case, proof of an attempted assault, unlike a case involving the felony murder rule in which an attempt to commit the qualifying felony would be sufficient, would not *1156 enhance the crime of burglary. Section 810.02, Florida Statutes provides:
(2) Burglary is a felony of the first degree ... if, in the course of committing the offense, the offender: (a) Makes an assault ... upon any person....
It is difficult to imagine how a statute can any more clearly incorporate the elements of a separate offense than this one does. In order to enhance burglary into a first degree felony, the State must prove each and every element of the offense of assault and the factfinder must determine that, in fact, an assault was committed during the burglary. If the jury does so, then we agree with Astrop that this same assault cannot constitute a separate offense. The United States Supreme Court in Rutledge v. United States, — U.S. -, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), reaffirmed:
If “the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.”
— U.S. at —, 116 S.Ct. at 1245.
In our case, whether the State is prosecuting the separate charge of assault or is attempting to establish that the assault was committed in order to prove the enhancement factor for burglary, the same elements, and all of the elements, of assault must be proved. Under Rutledge, it is the same offense.
A similar issue was before this court in Bradley v. State, 540 So.2d 185 (Fla. 5th DCA 1989). In that case, a tenant discovered the defendant burglarizing the tenant’s apartment. The tenant chased the defendant as the defendant attempted to flee and was hit in the face by the defendant. The defendant was tried, convicted, and sentenced to burglary with a battery and battery. In each count the battery alleged was the one that occurred when the defendant hit the tenant in the face. We reversed the conviction for battery and gave the following as our rationale for doing so:
However, when the factor which serves to differentiate punishment is made into a degree element of the basic substantive offense is itself a separate independent offense (such as battery, in this case) or is an essential element of some other charged offense, a serious legal problem results in that the underlying or primary substantive offense (burglary, in this case) has been made to include within itself (that is, to encompass, to embody, to subsume) the independent secondary offense (battery, here), or some essential element of it, which necessarily means that every trial and conviction of the primary offense includes a trial and conviction of the ancillary incorporated offense (or element of it), and, when both offenses relate to one and the same factual event (striking the tenant in the face, in this case), a defendant cannot be tried or convicted (whether in one or two trial settings) for both the primary offense (the burglary with a battery, in this case), and the ancillary incorporated of- ■ fense (the battery, here) without being tried or convicted twice for “the same offense” in violation of the defendant’s constitutional double jeopardy rights.
Id. at 187.
We affirm the conviction for burglary with an assault, reverse the conviction for assault and remand.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED FOR RESEN-TENCING.
DAUKSCH, J., concurs.
THOMPSON, J., concurs in part; dissents in part, with opinion.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).