COBB, J.
Inmate Harold E. Wallis seeks from this court a writ of certiorari, claiming that the trial court erred in its disposition of his Rule 3.800(a) motion to correct illegal sentence. Subsequently, the trial court entered an order on September 5, 2002 denying relief to Wallis. The order is a form order and at the top is styled “Hearing Type: Mot Mitigate/Correct.” At the bottom, under the section for motions, a box for denied is x’d. Under that is written “A mot to mitigate.” Wallis in his instant petition mainly argues[1] that the trial court erred in denying his Rule 3.800(a) motion by entering an order “changing a motion *226 to correct an illegal sentence to a motion to mitigate.” The reason for Wallis’s complaint is that an order denying a motion to mitigate sentence is not appealable. Wallis’s motion remains, of course, a Rule 3.800(a) motion and the handwritten notation “A mot to mitigate” is best viewed as either a scrivener’s error or perhaps a mis-characterization. We elect to treat the petition for certiorari as a notice of appeal pursuant to the summary Rule 3.800(a) appeal. We affirm the lower court’s denial of Wallis’ motion for correction of an illegal sentence.
Wallis was convicted of three counts of capital sexual battery and received three consecutive life sentences, with each sentence carrying a minimum mandatory of 25 years. In his Rule 3.800(a) motion, he makes the argument that these sentences are illegal because sexual battery convictions involved only third degree felonies. He also appears to complain about the imposition of consecutive sentences. We note, however, that this court’s records plainly establishes that he was properly convicted of three counts of capital sexual battery, as the victim, his daughter, was 9 years old when the offenses were committed. Further, his complaint about the imposition of consecutive sentences is without merit because the trial court may order mandatory minimum terms for multiple convictions of capital sexual battery to be served concurrently or consecutively. State v. Boyd, 558 So.2d 1025 (Fla.1990).
PETITION TREATED AS NOTICE OF APPEAL.
AFFIRMED.
SAWAYA and PLEUS, JJ., concur.

. Wallis also argues that the trial court should have granted his motion to transport. However, as indicated, he himself acknowledges that his presence at the hearing would not *226 have been "mandated” by Rule 3.800(a). (Motion to Transport at 2)