DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FUTO CHARLES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-3314

[May 31, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 2008CF009440AXX.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

STEVENSON, J.

Futo Charles appeals his convictions and sentences for several gang-related crimes. We affirm the convictions without comment and write only to address the propriety of the sentencing process. Charles argues his sentences should be reversed because they may be based on improper sentencing considerations. We agree, reverse the sentences, and remand for resentencing by a different judge.

Charles was indicted along with several co-defendants on allegations that he was a member of the "Top 6" gang, a violent criminal enterprise operating in Palm Beach County. Charles initially cooperated with the authorities in hopes of securing a plea agreement. The record reveals that two plea agreements were reached—the first imposed an eight-year sentence and the second imposed a fifteen-year sentence. Both agreements were rejected by Judge Karen Miller, who had presided over the trials of two of Charles's co-defendants.[1] At his change of plea hearing,

---

[1] Charles's co-defendants received sentences of twenty-five years each.

the lead investigator of the Top 6 gang testified that Charles's cooperation had been instrumental in dismantling the gang. The investigator, along with the State, urged the court to accept the plea agreement imposing the fifteen-year sentence so that Charles would continue to cooperate with the authorities. Despite this testimony, Judge Miller would not accept the plea.

After a two-week trial, the jury found Charles guilty of racketeering, conspiracy to commit racketeering, possession of Ecstacy/MDMA, and possession of marijuana. He was also convicted of twelve predicate offenses, but was found not guilty of all of the predicate offenses that involved gun violence.

According to his scoresheet, Charles's lowest permissible sentence was 79.8 months. The State urged the court to impose the maximum sentence based on Charles's lengthy prior record and to "send a clear message to everyone who decides to participate in a violent criminal organization" that "a life in crime does not pay." Following argument by both sides, without any comment or elaboration, Judge Miller sentenced Charles to nearly sixty-six years in prison.[2] This was the sentence requested by the State and the maximum possible within the range set by the Criminal Punishment Code ("CPC").

The State argues that this court must affirm the sentence because it falls within the CPC's permissible statutory range. "Indeed, the general rule in Florida is that when a sentence is within statutory limits, it is not subject to review by an appellate court." *Howard v. State*, 820 So. 2d 337, 339 (Fla. 4th DCA 2002). However, when a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant's due process rights. *See, e.g.*, *Seays v. State*, 789 So. 2d 1209, 1210 (Fla. 4th DCA 2001). Our standard of review is *de novo*. *Cromartie v. State*, 70 So. 3d 559, 563 (Fla. 2011).

When sentencing a defendant within the statutory range, the judge "may consider a variety of factors, including the defendant's criminal history, employment status, family obligations, and over-all reputation in the community." *Imbert v. State*, 154 So. 3d 1174, 1175 (Fla. 4th DCA 2015) (citing § 921.002(g), Fla. Stat. (2012)). The sentencing factors properly considered by the trial court relate to the defendant, his offense, and the victim. *See Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000)

---

[2] Thirty years for racketeering, thirty years for conspiracy to commit racketeering, five years for possession of Ecstacy/MDMA, and eleven months and twenty-nine days for possession of marijuana, all counts to run consecutively.

(finding that it is permissible for judges to exercise discretion in imposing a sentence within the range prescribed by statute, "taking into consideration various factors relating both to offense and offender").

The Florida Supreme Court recently held that the trial court violated a defendant's due process rights at sentencing by considering a subsequent arrest without conviction during sentencing for the primary offense. *Norvil v. State*, 41 Fla. L. Weekly S190 (Fla. Apr. 28, 2016). The court discussed sentencing criteria that may be *properly* considered by trial judges:

> With regard to the sentencing criteria enunciated in chapter 921, along with its applicable definitions, *we conclude that the CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant.* The Legislature included prior arrests as information that is helpful in imposing the appropriate sentence for a defendant. § 921.231(1)(c), Fla. Stat. (2010). However, if the Legislature had intended to include subsequent arrests and their related charges as permissible sentencing factors, it would have done so.

*Id.* at S191 (emphasis added). We note that the CPC does not list sending a message to the community or deterring persons other than the individual defendant being sentenced as sentencing factors properly considered by trial courts.

Under the CPC, the "primary purpose" of sentencing is "to punish the offender." § 921.002(1)(b), Fla. Stat. (2011). Rehabilitation of the offender is another stated goal which is "subordinate to the goal of punishment." *Id.* It may be argued that sending a message to the community is a factor properly considered by a trial court because it achieves sentencing's oft-stated goal of deterrence. Trial judges should not consider *general* deterrence when imposing individual sentences for several reasons. First, the goal of general deterrence is already addressed by the sentencing scheme put in place by the Legislature. Second, the CPC does not include general deterrence in its "unambiguous" list of factors a trial court may consider in sentencing an individual defendant. § 921.231(1). If the Legislature had intended to include general deterrence as a permissible sentencing factor, "it would have done so." *Norvil*, 41 Fla. L. Weekly at S191. Third, we find it fundamentally unfair to single out one defendant for especially harsh treatment in order to serve the utilitarian purpose of sending a message to the community. *See Beno v. State*, 581 N.E.2d 922, 924 (Ind. 1991) (finding trial judge's desire to "send a message" to other drug dealers was not a proper reason to aggravate a sentence); *Commonwealth v. Howard*, 677 N.E.2d 233, 237 (Mass. App. Ct. 1997)

3

(holding a sentencing judge may not punish a defendant for any conduct other than that for which he stands convicted in a particular case). Finally, and particularly relevant in this case, experts dispute whether lengthy sentences have any deterrent effect whatsoever on a defendant's fellow gang members. *E.g., United States v. Presley*, 790 F.3d 699, 701 (7th Cir. 2015).[3]

We hold that where a trial court imposes a sentence on an individual defendant with the intent to "send a message" to the community, the sentence rests on an impermissible sentencing consideration. Because the record in this case reflects that the trial court may have relied on an impermissible consideration, the State bore the burden to demonstrate that the improper consideration "played no part in the sentence imposed." *Epprecht v. State*, 488 So. 2d 129, 131 (Fla. 3d DCA 1986). Here, the State did not recognize its burden and made no attempt to establish that the sentence was based on proper considerations.

At bar, Charles cooperated with the authorities for two years providing information which helped dismantle the Top 6 gang. The State and Charles previously agreed to a fifteen-year sentence because of his assistance. Yet after trial, the State urged the court to impose a sentence of sixty-six years even though the jury had acquitted the defendant of all of the violent charges.

The trial judge sat through a two-week trial and may well have sentenced Charles based solely on factors properly considered. However, because the judge may have imposed the harshest sentence possible within the statutory range as a result of her consideration of an impermissible sentencing factor, and because the State failed to show that the sentence was based on properly-considered factors, we reverse and remand for resentencing by a different judge.

*Affirmed in part, reversed in part, remanded with instructions.*

---

[3] In *Presley*, Judge Richard Posner points out that criminals engaged in dangerous activities are generally undeterred by the length of a possible sentence. *Id.* (citing A. Mitchell Polinsky & Steven Shavell, *On the Disutility and Discounting of Imprisonment and the Theory of Deterrence*, 28 J. LEGAL STUD. 1, 4–6 (1999), and Paul H. Robinson & John M. Darley, *The Role of Deterrence in the Formulation of Criminal Law Rules: At Its Worst When Doing Its Best*, 91 GEO. L.J. 949, 954 (2003)); *see also* Katelyn Carr, Comment, *An Argument Against Using General Deterrence as a Factor in Criminal Sentencing*, 44 CUMB. L. REV. 249, 261 (2014) (dispelling the deterrence rationale for crimes instigated by street gangs).

GROSS, J., concurs.
FORST, J., dissents with opinion.

FORST, J., dissenting.

I respectfully dissent.[4]  Although I join the majority's decision to affirm the convictions, I am unable to support a reversal of Appellant's sentence based merely on the prosecution's statement that the trial court should "send a clear message to everyone who decides to participate in a violent criminal organization" that "a life in crime does not pay."  The judge did not respond in any fashion to these statements and the sentence imposed by the trial court, though clearly eye-raising, was within the range set by the CPC.

Judge Stevenson's opinion for the majority presents a compelling and thoughtful argument "that where a trial court imposes a sentence on an individual defendant with the intent to 'send a message' to the community, the sentence rests on an impermissible sentencing consideration."  It is true that Florida's appellate courts have held that a trial court may not impose a *departure* sentence simply because he or she believes it will serve as a deterrent to others or that it will send a message to the community. *E.g., Wilson v. State*, 524 So. 2d 1161, 1162 (Fla. 2d DCA 1988); *Mitchell v. State*, 507 So. 2d 686, 688 (Fla. 1st DCA 1987).  They have also held that, in juvenile cases, the trial court may not *depart* from the recommended sentence of the Department of Juvenile Justice (DJJ) in order to send a deterrent message to others in the community. *E.g., C.C.B. v. State*, 828 So. 2d 429, 431 (Fla. 1st DCA 2002).

In the adult context, the rationale for the rule is that the sentencing guidelines were adopted to promote uniformity in sentencing; allowing deviation on such basis defeats this purpose and would allow for aggravation in every instance. *See Santiago v. State*, 478 So. 2d 47, 48 (Fla. 1985); *Smith v. State*, 482 So. 2d 469, 471 (Fla. 5th DCA 1986); *Williams v. State*, 462 So. 2d 23, 24 (Fla. 4th DCA 1984).  In juvenile cases, the rationale for the rule is linked to the statutory requirement that if the trial court elects to depart from the DJJ's recommended sentence, then the court must state the reasons in writing and the reasons must reference the characteristics of the restrictiveness level vis-à-vis the needs of the child. *See A.G. v. State*, 737 So. 2d 1244, 1247-48  (Fla. 5th DCA 1999).

---

[4] In fact, I underscore the term "respectfully," as this is one of Judge Stevenson's last opinions for this Court after over twenty years of meritorious and distinguished service.

The instant case, however, does not involve a departure sentence. The sentences imposed for each offense were not beyond the maximum possible sentences under the CPC. "In sentencing within the law's minimum and maximum, the discretion afforded is about as broad as discretion can be for trial judges." *Whitmore v. State*, 27 So. 3d 168, 172-73 (Fla. 4th DCA 2010). I am unaware of any Florida decision holding that, when determining an appropriate sentence within the confines of the CPC, which allows for a sentence of anywhere between the lowest permissible sentence and the statutory maximum, the trial court errs in considering the deterrent effect the sentence will have on others, let alone that consideration of such fact amounts to a violation of a defendant's constitutional rights. The majority opinion relies upon Indiana and Massachusetts decisions to support its holding, and the one adult sentencing case relied upon by Appellant in his initial brief for the argument that "[a] sentence greater than the recommended sentence can't be based on the court's desire to send a message to others" involved a departure sentence, not a sentence within the range of the maximum possible sentences under the CPC. *Spivey v. State*, 512 So. 2d 322, 324 (Fla. 3d DCA 1987).

The majority opinion correctly notes that, under the CPC, the "primary purpose" of sentencing is "to punish the offender." However, deterrence (along with retribution) is one of "the traditional aims of punishment." *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168 (1963); *Goad v. Fla. Dep't of Corr.*, 845 So. 2d 880, 884 (Fla. 2003); *see also Pell v. Procunier*, 417 U.S. 817, 822 (1974) (recognizing the function of the correctional system is to deter others from crime); *United States v. Gomez*, 797 F.2d 417, 420 (7th Cir. 1986) (commenting that, "far from being a constitutional violation," the trial court's statement that it "hope[d] that the sentence imposed would serve as a deterrent to others who might contemplate following in" defendant's footsteps was "well stated"); *State v. Brewer*, 767 So. 2d 1249, 1253 (Fla. 5th DCA 2000) (stating "[t]here are four penological goals involved in criminal sentencing: retribution, deterrence, incapacitation, and rehabilitation"); *Boyd v. State*, 546 So. 2d 132, 133 (Fla. 4th DCA 1989) (noting that "one purpose of punishment is deterrence, as it surely must be"), *decision quashed,* 558 So. 2d 1025 (Fla. 1990). Thus, deterrence, both general ("send a message to the community") and specific (send a message to the individual being sentenced), is not a mere sentencing goal; it is a component of punishment itself—the "primary purpose" of sentencing under the CPC.

Due to the unusual scenario discussed in the majority opinion, there appears to be a problem in search of a solution. However, Appellant has failed to establish that the trial court abused its discretion in rejecting the

6

two plea deals (and there is no rule addressing ineffective assistance of opposing counsel), and the sentences imposed are within the sentencing guidelines. Taking the position that general deterrence is an improper and impermissible sentencing consideration is contrary to our legal tradition and is not supported by the CPC's failure to specifically note deterrence as a purpose of sentencing because deterrence is in fact included within the meaning of punishment, the specified "primary purpose" of sentencing under the CPC. Thus, I am unable to join the majority in sending this case back for resentencing and respectfully dissent.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*