495 So.2d 819 (1986)
Peter NUSSDORF, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0863.
District Court of Appeal of Florida, Fourth District.
October 1, 1986.
Rehearing Denied October 22, 1986.
Mark King Leban of Law Offices of Mark King Leban, P.A., Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Peter Nussdorf, seeks review of the lower court's order denying his motion for bond pending appeal. We reverse.
Appellant was convicted of three counts of sexual battery upon a young child and sentenced to two concurrent life terms in prison, without eligibility for parole for 25 years. The trial court subsequently denied appellant's motion for bond pending appeal on the grounds that sexual battery is a capital felony, for which appeal bond is not available, and, in any event, the issues raised on appeal are not fairly debatable.
It has been held that the death penalty is an excessive penalty for a sexual offender who as such did not take a human life, and therefore unconstitutional pursuant to the Eighth Amendment. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 1164, 102 S.Ct. 1037, 1039, 71 L.Ed.2d 319, 320 (1982) (citing Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977)). Thus sexual battery is not a capital offense in Florida, notwithstanding that *820 contrary language is found in the statutory section applied in the instant case, section 794.011(2), Florida Statutes (1983).
"A capital offense is one punishable by death. In Florida, murder in the first degree is the only existing capital offense." Rowe v. State, 417 So.2d 981, 982 (Fla. 1982). We do not think, as the state urges, based on its reading of Rusaw v. State, 451 So.2d 469, 470 (Fla. 1984), that capital means punishable by death for some purposes, but may mean something else for other purposes, such as that of prohibiting appeal bond. If the death penalty is no longer available for punishing a crime, that crime is no longer a capital offense.
It also appears to us that two of appellant's three grounds for appeal may be fairly debatable. These are (1) that the state failed to prove that the crimes occurred within the time period specified in the information, and (2) that admission into evidence of the victim's taped statement was error.
On remand, the trial court should reconsider appellant's request for bail in accordance with rule 3.691, Florida Rules of Criminal Procedure, applying the principles enunciated in Younghans v. State, 90 So.2d 308 (Fla. 1956).
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.
ANSTEAD, J., specially concurs with opinion.
ANSTEAD, Judge, specially concurring.
This is a difficult issue, especially in view of the fact that at least at one time it was intended that the offense involved herein be both punishable by death and non-bailable. I write separately only to note the Supreme Court's unequivocal holding in Reino v. State, 352 So.2d 853, 858 (Fla. 1977):
Hence, it is apparent that all incidents of capital crimes, substantive as well as procedural, become inapplicable upon abolition of the death penalty. It would be conceptually inconsistent to conclude that the procedural advantages inuring to a defendant in a capital case fall with abolition of the death penalty and then conclude that the substantive disadvantages (limitation on entitlement to bail and unlimited statute of limitations) remain viable.
Our holding, then, is that the provision excluding capital offenses from consideration for bail only applies to cases where the death penalty is a possible punishment. In all other cases, absent a specific legal provision to the contrary, the trial court retains discretion to determine whether bail is appropriate.