ON APPELLANT’S MOTION TO REMAND TO SET BOND
PER CURIAM.
Appellant was convicted of sexual battery upon a person less than twelve years *296 old by a person 18 years or older, section 794.011(2), Florida Statutes. At a post-trial hearing the trial court refused to consider release during the pendency of the appeal, relying on section 903.133, Florida Statutes. Appellant has moved for “remand” (more properly characterized as a motion for review pursuant to Rule 9.140(e)(4), Florida Rules of Appellate Procedure) with directions to the trial court to hold a hearing on the issue of entitlement to post-trial release. The motion points out that section 903.133 prohibits such release for persons convicted under section 794.011(4), but that this latter subsection is concerned with victims 12 years of age or older and thus is inapplicable to the instant case. Movant concedes that he has been convicted of a crime defined by statute as a capital felony and would be ineligible for release under the express terms of Rule 3.691(a), Florida Rules of Criminal Procedure, but argues that the crime is no longer “capital” since it has been held that the death penalty cannot be imposed, Buford v. State, 403 So.2d 943 (Fla.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). This reasoning has been adopted by our sister court in Nussdorf v. State, 495 So.2d 819 (Fla. 4th DCA 1986), review denied, 503 So.2d 328 (Fla.1987). Appellee’s response to the motion contends that the death penalty is not a prerequisite to the classification of a crime as capital, at least for certain purposes, relying on State v. Hogan, 451 So.2d 844 (Fla.1984), Rusaw v.. State, 451 So.2d 469 (Fla.1984), and Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987).
We have carefully reviewed the authorities cited to us by the parties and revealed by our own research, e.g., Rowe v. State, 417 So.2d 981 (Fla.1982); Reino v. State, 352 So.2d 853 (Fla.1977). Some of these authorities would seem to clearly stand for the proposition that the existence of the death penalty as at least potential punishment for a particular crime is necessary for that crime to be classified as “capital” for any purpose, see, e.g., Heuring v. State, 513 So.2d 122 (Fla.1987); Reino, 352 So.2d at 858. Other decisions suggest that the legislature may validly classify some crimes as “capital” even where the death penalty is not available, Hogan; Rusaw; cf., State v. Perez, 519 So.2d 669 (Fla. 1st DCA 1988). In fact, language in one opinion strongly suggests that there may be at least two definitions of a crime as capital, the traditional and the legislative. See Hogan, 451 So.2d at 845.
Our attempts to reconcile these various authorities have not met with great success. Nevertheless, we are left with the impression that section 794.011(2) may still describe a capital crime after Buford, at least for some purposes. We believe that one such purpose is in the application of Rule 3.691, since we find it unlikely that the legislature, in enacting section 903.133, intended to deny persons convicted of sexual battery on persons 12 years of age and older the right to post-trial release while granting that right to persons convicted of sexual battery on younger victims.[1] Accordingly, we deny the motion for remand and certify that this decision is in conflict with Nussdorf v. State, 495 So. 819 (Fla. 4th DCA 1986).
Motion denied.
MILLS, WENTWORTH and BARFIELD, JJ., concur.

. We recognize that section 794.011(4) deals with crimes involving aggravating circumstances such as the victim's inability to resist the attack or the use of coercion by the perpetrator. We are not convinced, however, that the legislature viewed these as more serious crimes than those committed on younger victims or that the persons convicted of these crimes are, in some other manner, less qualified for post-trial release than persons who sexually batter younger victims. In fact, the imposition of a harsher penalty on those convicted of violation of section 794.011(2) than that imposed on those convicted of violation of section 794.011(4) suggests the opposite.