PER CURIAM.
Joseph Wise seeks review of an order denying his motion for bond pending *508 appeal.[1] We affirm the order of the trial court.
Wise was convicted of sexual battery upon a child twelve years of age or under. Section 794.011(2), Florida Statutes (1987), continues to categorize this offense as a capital felony, notwithstanding the supreme court’s determination that one convicted of this offense cannot be sentenced to death. Buford v. State, 403 So. 2d 943 (Fla.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). Persons convicted of capital crimes are ineligible for posttrial release. Fla.R.Crim.P. 3.691(a). The trial court relied upon Batie v. State, 521 So.2d 295 (Fla. 1st DCA 1988), which concluded that section 794.011(2) “may still describe a capital crime after Buford, at least for some purposes.” 521 So.2d at 296. Among those purposes is ineligibility for posttrial release, particularly when Section 903.133, Florida Statutes (1987), involving less serious degrees of sexual battery, is taken into consideration.
We agree with the reasoning in Batie and hold that the trial court correctly denied Wise’s application for bond. In so doing we acknowledge conflict, as did the First District, with Nussdorf v. State, 495 So.2d 819 (Fla. 4th DCA 1986).
Affirmed.
CAMPBELL, C.J., SCHEB and HALL, JJ., concur.

. Wise brought this matter to our attention via a petition for writ of habeas corpus. Review of orders relating to posttrial release is by motion. FIa.R.App.P. 9.140(e)(4). Nevertheless, we proceed as if the proper mechanism had been utilized.