534 So.2d 694 (1988)
Edgar Gerold BATIE, Petitioner,
v.
STATE of Florida, Respondent.
No. 72060.
Supreme Court of Florida.
December 1, 1988.
Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
We accepted jurisdiction in this cause because of conflict with Nussdorf v. State, 495 So.2d 819 (Fla. 4th DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). Art. V, § 3(b)(3), Fla. Const. The issue is whether a person convicted of sexual battery of a person eleven years old or less is eligible for consideration for postconviction bond. The district court of appeal answered this question in the negative. Batie v. State, 521 So.2d 295 (Fla. 1st DCA 1988). We agree and approve the district court's decision.
Batie, having been convicted of sexual battery upon a person less than twelve years old by a person eighteen years or older, contrary to subsection 794.011(2), Florida Statutes (1985), sought postconviction bond. The trial judge and the district court of appeal held that, because the legislature defined subsection 794.011(2) as a capital crime, and under the express terms of rule 3.691(a), Florida Rules of Criminal Procedure, Batie was ineligible for release. Batie's claim to the contrary is predicated on our holding in Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), that death is not a permitted punishment for a conviction of sexual battery because it would be cruel and unusual punishment for the crime. Following Buford, we clearly and succinctly stated in Heuring v. State, 513 So.2d 122, 123 (Fla. 1987):
A capital felony is one that is punishable by death. Rusaw v. State, 451 So.2d 469 (Fla. 1984). Sexual battery is not punishable by death. Buford. Further, we held in Rowe v. State, 417 So.2d 981 (Fla. 1982), that murder in the first-degree is the only existing capital felony in Florida... . . Sexual battery is not a capital offense, and, therefore, it may be charged by information. See also State v. Hogan, 451 So.2d 844 (Fla. 1984) (sexual battery is not punishable by death, and therefore, it may be tried by a six-member jury).
Notwithstanding our determination that the sexual battery proscribed by subsection 794.011(2) is no longer a capital crime, in Rusaw and Hogan we recognized the legislature's definition of it as "capital" in determining legislative intent for other consequences of this crime. We view both legislation *695 and our rules at the time of their enactment to determine legislative and judicial intent. Both the statute and our rules precede Buford. Clearly, it was the intent of both the legislature and this Court to deny postconviction bail to a person convicted of sexual battery upon a child of the age of eleven years or younger. Our holding in Buford that death is not an available penalty did not change the premise for the legislation or rule in that regard. The trial court and the district court of appeal correctly found Batie ineligible for bail. We therefore approve Batie and disapprove Nussdorf.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents with an opinion.
BARKETT, Justice, dissenting.
I believe that Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), and Reino v. State, 352 So.2d 853 (Fla. 1977), require the quashing of the opinion of the district court. In Reino, this Court stated:
[I]t is apparent that all incidents of capital crimes, substantive as well as procedural, become inapplicable upon abolition of the death penalty. It would be conceptually inconsistent to conclude that the procedural advantages inuring to a defendant in a capital case fall with abolition of the death penalty and then conclude that the substantive disadvantages (limitation on entitlement to bail and unlimited statute of limitations) remain viable.
Id. at 858 (emphasis added).