GARRETT, Judge.
AFFIRMED. Appellant seeks review of the trial court’s revocation of the bail posted during appeal of his capital felony conviction for sexual battery of a child eleven years of age or younger.
In November of 1987, relying on Nussdorf v. State, 495 So.2d 819 (Fla. 4th DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987), the trial court set bail which led to appellant’s postconviction release. In December of 1988, the Florida Supreme Court in Batie v. State, 534 So.2d 694 (Fla.1988), disapproved of Nussdorf and held that “it was the intent of the legislature and (the) court to deny postconviction bail to a person convicted of sexual battery upon a child of the age of eleven years or younger.” In January of 1989, the trial court granted the state’s motion to revoke appellant’s bond.
We reject appellant’s argument that Batie should not be applied retroactively. Lowry v. Parole and Probation Commission, 473 So.2d 1248 (Fla.1985). Nor are we persuaded that appellant’s financially detrimental reliance upon the original bail order should preclude revocation. Whatever the cost, appellant was compensated with fourteen months of unwarranted “freedom.”
ANSTEAD, J., concurs.
GLICKSTEIN, J., dissents with opinion.