GLICKSTEIN, Judge,
dissenting.
I would reverse the trial court’s revocation of the defendant’s post-conviction bond and remand with direction to reinstate same.
In my view, both of appellant’s arguments have merit. First, he justifiably relied upon Nussdorf v. State, 495 So.2d 819 (Fla. 4th DCA 1986), rev. denied, 503 So.2d 328 (Fla.1987), and committed financial resources which otherwise would have been available to him for other post-conviction *345 legal assistance; thus Batie v. State, 534 So.2d 694 (Fla.1988), disapproving Nuss-dorf should not be applied retroactively to revoke his bond. Second, the state failed to seek judicial review of the granting of bond based upon Nussdorf; thus its motion some fourteen months later to revoke the bond is untimely and should not be allowed to disturb an otherwise final legal conclusion that appellant was entitled to bond.