559 So.2d 210 (1990)
STATE of Florida, Petitioner,
v.
George BOATWRIGHT, Respondent.
No. 71240.
Supreme Court of Florida.
March 22, 1990.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for respondent.
EHRLICH, Chief Justice.
We have for our review Boatwright v. State, 512 So.2d 955, 957 (Fla. 1st DCA 1987), wherein the district court certified the following question of great public importance:
WHETHER THE FLORIDA SUPREME COURT, IN STATE V. ENMUND, [476 So.2d 165 (Fla. 1985),] MEANT TO PERMIT A TRIAL JUDGE, IN HIS DISCRETION, TO STACK MINIMUM MANDATORY SENTENCES IN ALL CASES CONCERNING CAPITAL FELONIES, OR WHETHER IT MEANT TO RESTRICT THE SCOPE OF ITS HOLDING IN THAT DECISION TO CASES INVOLVING HOMICIDE.
We have jurisdiction, article V, section 3(b)(4), Florida Constitution. We hold that the trial judge has the discretion to stack minimum mandatory sentences in all cases concerning capital felonies. We therefore quash the decision below.
Boatwright was charged with one count of burglary with the intent to commit sexual battery, one count of kidnapping with the intent to commit sexual battery, and two counts of sexual battery upon a person less than twelve years of age. The charges arose from Boatwright's actions during the early morning hours of June 22, 1985, when he broke into the residence of the five-year-old victim and her parents. Boatwright first removed some money *211 from a purse and then went into the bedroom where the five-year-old victim was sleeping. He removed the child from bed and forced her out of a window. Boatwright then took her by the hand and led her down the street into a wooded area. When they entered the woods, Boatwright attempted to have vaginal and anal intercourse with the child. After asking the child her age and name, Boatwright told her they would do it again in three years when she was eight years old, gave the child directions to the road, and then left her alone in the dark to find her way home.
Semen stains on the child's nightgown and panties were of the same blood type as Boatwright's. A crime lab technician testified that fingerprints taken from the dresser in the child's room and a latent print discovered in her bedroom were left by Boatwright and police officers testified that Boatwright admitted that he had attempted to have intercourse with the victim in the woods. The jury found Boatwright guilty of the charged offenses. The trial court sentenced Boatwright to twenty-five years for burglary and twenty-five years for kidnapping. Boatwright received consecutive sentences of life imprisonment with twenty-five-year minimum mandatories for the two sexual batteries.
Boatwright appealed to the First District Court of Appeal, alleging the trial court erred in stacking the minimum mandatory twenty-five-year sentences because his criminal acts occurred in one continuous course of conduct. The district court agreed and reversed the sentences. The state moved for rehearing, claiming the district court's opinion was at variance with Enmund and Pina v. State, 479 So.2d 107 (Fla. 1985). On rehearing, the district court adhered to its previous opinion, but certified the question now before this Court. The state now seeks review of the district court's decision.
The state argues this issue is controlled by our decision in Enmund. Boatwright contends the district court decision below must be approved on the basis of Palmer v. State, 438 So.2d 1 (Fla. 1983), and Murray v. State, 491 So.2d 1120 (Fla. 1986). In Palmer, the defendant walked into a funeral parlor during a wake and robbed those in attendance. The trial court imposed three-year mandatory minimum sentences to run consecutively on each of thirteen consecutive sentences for robbery, for a total of thirty-nine years without eligibility for parole. We recognized that section 775.021(4), Florida Statutes (1981), requires separate sentences for separate offenses arising from a single criminal transaction or episode and allows the trial court to order the sentences served concurrently or consecutively. We rejected, however, the argument that this provided authority for ordering the three-year minimum mandatory sentences to be served consecutively and we remanded with directions to correct the sentences so that the thirteen mandatory minimum sentences would be served concurrently. We held that three-year minimum mandatory sentences for firearm possession while committing a felony, pursuant to section 775.087(2), Florida Statutes (1981), could not be made consecutive for offenses arising from a single criminal episode. Palmer, 438 So.2d at 3. We did recognize that our decision would not prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. Id. at 4.
In Murray, the defendant and an accomplice abducted a young woman at gunpoint and forced her to drive away with them in her vehicle. After driving for some distance, Murray parked the car and the two men sexually assaulted the victim and took her necklace. The two men then drove the victim to a nearby wooded area where Murray walked with the victim away from the car and told her goodbye. As she began to walk away, Murray shot her through the back of the head, leaving the victim legally blind. Murray was convicted of kidnapping without a firearm, two counts of sexual battery with a firearm, robbery with a firearm, and attempted manslaughter with a firearm. The trial court imposed consecutive three-year mandatory minimum sentences under section 775.087(2) upon Murray for those crimes involving a firearm. The district court found that the actions *212 which resulted in the two counts of sexual battery against Murray occurred at the same time and place, thereby requiring the two mandatory minimums imposed therefor to be served concurrently. Murray v. State, 471 So.2d 70, 72-73 (Fla. 4th DCA 1984). We approved this portion of the district court opinion. Murray, 491 So.2d at 1123. We also approved that portion of the district court decision which upheld the imposition of consecutive mandatory minimums imposed on the single sexual battery and the armed robbery charges, citing the language from Palmer that there was no prohibition against consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places. Id.
The decisions in Palmer and Murray were based on the perceived legislative intent in enacting section 775.087(2), Florida Statutes.[1] In Palmer, the Court rejected the state's argument that this section, when read in pari materia with section 775.021(4),[2] allows the "stacking" of mandatory three-year minimum sentences. We concluded that nowhere in the language of section 775.087 was there express authority by which a trial court could deny a defendant eligibility for parole for a period greater than three calendar years when the convictions were for offenses arising from incidents occurring at the same time and place during a continuous course of criminal conduct. We also concluded that the legislature did not intend such a result when it added subsection (4) to section 775.021.[3]Palmer, 438 So.2d at 3-4. In Murray, the Court merely concluded that under the legislative intent behind section 775.087(2), the sexual battery of the victim was sufficiently separate in nature, time, and place from the armed robbery charge to justify application of the consecutive three-year mandatory minimums. Murray, 491 So.2d at 1123. This Court has consistently applied section 775.087(2) as permitting the trial court to impose consecutive three-year mandatory minimum sentences if the acts leading to the convictions are sufficiently separated temporally and/or geographically. See, e.g., State v. Thomas, 487 So.2d 1043 (Fla. 1986) (consecutive three-year mandatory minimum sentences appropriate where defendant shot woman four times in her home, followed her outside, paused to fire at the woman's son, and then shot the woman twice more).
In Enmund, relied upon by the state, the trial court imposed life sentences for the *213 murder of a husband and wife with no possibility of parole for twenty-five years. The trial court directed that the two twenty-five-years. minimum mandatories would run consecutively, thereby making Enmund ineligible for parole for fifty years. On appeal the district court held that the minimum mandatories could only be concurrent, not consecutive, basing its conclusion on Palmer. Enmund v. State, 459 So.2d 1160 (Fla. 2d DCA 1984). We quashed the district court's decision and held that the minimum mandatory sentences could be imposed either consecutively or concurrently, in the trial court's discretion. 476 So.2d at 168. See also Pina.
The state contends that the holdings in Enmund and Pina, that consecutive stacking of minimum mandatory sentences for capital homicides is permissible, is equally applicable to capital sexual battery. We agree. Our decision in Enmund was premised not on the fact that the convictions were for first-degree murder but rather on the interpretation and application of the relevant statutes involved. As we stated in Enmund:
Section 921.141, Florida Statutes (1983), provides that a person convicted of a capital felony shall be sentenced to death or to life imprisonment without eligibility for parole for twenty-five years. Any such person not sentenced to death "shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole." § 775.082(1), Fla. Stat. (1983). We hold that the legislature intended that the minimum mandatory time to be served before becoming eligible for parole from a conviction of first-degree murder may be imposed either consecutively or concurrently, in the trial court's discretion, for each and every homicide. See § 775.021(4), Fla. Stat. (1983).
476 So.2d at 168 (emphasis added). The mandatory minimum sentence imposed upon a defendant upon conviction of a capital felony is the statutorily required penalty for each capital felony. In contrast, the three-year mandatory minimum sentence for possession of a firearm, at issue in Palmer and Murray, is but an "enhancement" of the penalty prescribed by statute for the underlying offense (e.g., robbery, sexual battery, etc.). By way of emphasizing the difference between the two statutes, we note that this Court found no reversible error in the trial court's imposition of sentences of seventy-five years' imprisonment on each of the thirteen robbery counts involved in Palmer, with the sentences to run consecutively for a total of 975 years. Nor did the trial court err in imposing five-year sentences on the counts of aggravated assault and carrying a concealed weapon, such sentences to run consecutively to each other and to the robbery counts. Palmer, 438 So.2d at 4.
Boatwright's argument that our decision in Enmund is only applicable to convictions of first-degree murder is unpersuasive. The statutes relied upon in the Enmund decision are equally applicable to convictions for capital sexual battery. See §§ 775.082(1), 794.011(2), Florida Statutes (1985).[4] As with convictions for first-degree murder, we conclude that the legislature intended the trial court to have the discretion to order the twenty-five-year mandatory minimum sentences upon conviction of multiple counts of capital sexual battery to be served concurrently or consecutively. We find no logical basis for *214 distinguishing between the two types of capital felonies.[5]
Accordingly, the district court should not have reversed the trial court's exercise of its discretion. We quash the decision of the district court below and remand with directions to reinstate the sentences as imposed by the trial court.
It is so ordered.
OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
McDONALD, Justice, concurring in part and dissenting in part.
I agree that in appropriate cases a trial judge may impose consecutive life sentences without eligibility for parole for twenty-five years in all type crimes calling for this punishment. I disagree, however, that it was appropriate to do so in this case. This defendant's multiple sexual battery convictions resulted from different methods of committing sexual battery upon a single victim. These actions were conducted at the same location and closely connected in time. Under these circumstances I feel that only one sentence for the sexual battery convictions is appropriate.
KOGAN, J., concurs.
NOTES
[1] Section 775.087(2), Florida Statutes (1985), provides:

(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
(b) Any battery upon a law enforcement officer of firefighter while the officer or firefighter is engaged in the lawful performance of his duties
and who had in his possession a "firearm," as defined in s. 790.001(6), ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.
[2] Section 775.021(4), Florida Statutes (1985), provides:

(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[3] Although not applicable to the present decision, the legislature has recently amended section 775.021(4), Florida Statutes. This section now provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.
Ch. 88-131, § 7, Laws of Fla.
[4] Section 794.011(2), Florida Statutes (1985), provides:

(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony, punishable as provided in ss. 775.082 and 921.141.
(Emphasis added.)
Section 775.082(1), Florida Statutes (1985), provides:
(1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death.
[5] We also reject Boatwright's argument that stacking mandatory minimum sentences is not permissible under the present facts even if the decision in State v. Enmund, 476 So.2d 165 (Fla. 1985), was meant to apply to all capital felonies because first-degree murder is the only capital felony in Florida. His contention that sexual battery upon a child under the age of twelve in violation of section 794.011(2), Florida Statutes (1985), is no longer a capital felony for any purpose has been rejected by this Court. See Batie v. State, 534 So.2d 694 (Fla. 1988).

Subsequent to the holding of this Court in Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), that death is not a permitted punishment for a conviction of sexual battery of a child, this Court held that some of the procedural protections accorded defendants charged with a capital felony were not required when a defendant was charged with the capital felony of sexual battery of a person under the age of 12, in violation of section 794.011(2), Florida Statutes. See, e.g., State v. Hogan, 451 So.2d 844 (Fla. 1984) (12-person jury not required); Heuring v. State, 513 So.2d 122 (Fla. 1987) (state may proceed by information instead of indictment). As we noted in Batie, however, we still recognize the legislature's definition of this offense as "capital" in determining legislative intent for other consequences of this crime. Batie, 534 So.2d at 694. It is clear the legislature still deems this a capital offense for purposes of sentencing. See §§ 775.082, 794.011(2), Fla. Stat. (1985).