PER CURIAM.
The appellant was charged with five counts of sexual battery arising out of a single incident, and kidnapping and assault on a victim different than the victim in the sexual battery episode. The jury returned a verdict of guilty on all seven counts. The trial court divided the five sexual battery counts and convictions thereon and sentenced the appellant to five consecutive life sentences, which carried twenty-five year minimum maximum terms. He also departed from the sentencing guidelines on the kidnapping conviction, making it a life sentence and a one year sentence for the assault. He then made all sentences consecutive including the twenty-five year minimum máximums.
The appellant appeals his convictions and sentences and urges error in the following: failure to suppress his confession, separate sentences for the sexual batteries that arose out of the same criminal incident, plus the stacking of the minimum maximum sentences, the consecutive life sentences and the departure from the guideline sentence as to the kidnapping conviction. We find no error in the separate sentences for the sexual batteries which arose out of the same criminal episode, said sentences being within the discretion of the trial judge. State v. Boatwright, 559 So.2d 210 (Fla.1990). We find that although the trial judge gave two improper reasons for departure on the kidnapping conviction, one of the reasons being valid, the record reveals beyond a reasonable doubt that the trial judge would have enhanced the sentence for the valid reason alone, Albritton v. State, 476 So.2d 158 (Fla.1985); Griffis v. State, 509 So.2d 1104 (Fla.1987), and therefore we find no error in this enhancement. We find no error in ordering that the life sentences for sexual battery and kidnapping would run consecutively.[1] Harmon v. State, 438 So.2d 369 (Fla.1983).
We find no error in the trial court’s stacking the minimum mandatory twenty five year terms under the reasoning pronounced in the following authority. State v. Boatwright, supra.
Therefore we affirm the trial judge’s sentences of one life imprisonment for each of the sexual battery convictions arising out of the same criminal episode with a twenty five year minimum mandatory. We also affirm the trial judge’s departure from the sentencing guidelines as to the kidnapping conviction and this life sentence running consecutively with that given for the sexual battery term. No error having been urged the sentence as to the assault is not disturbed. Therefore the appellant’s convictions and sentences are hereby affirmed and the ultimate sentences are two life terms to run consecutively.
Sentences under review are affirmed.

. There may be separate convictions and sen-fencing for the battery and the kidnapping of the same victim. § 775.021(4), Fla.Stat. (1985).