LETTS, Judge.
This cause is affirmed.
Formerly, we would have reversed the consecutive sentences imposed, emanating from this single criminal episode, on the authority of State v. Boatwright, 559 So.2d 210 (Fla.1990). However, the Boatwright opinion, in footnote 3, acknowledged that the amendment to section 775.021(4)(a), Florida Statutes (1989) was not applicable in that case. Sub judice, the amendment is applicable. It reads in part:
Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
The consecutive sentences meted out here were for first degree murder and attempted robbery. Obviously, these are two separate criminal offenses each requiring proof of an element not required by the other.
AFFIRMED.
LETTS, WALDEN and WARNER, JJ., concur.