592 So.2d 762 (1992)
Bobby Lee DOWNS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1067.
District Court of Appeal of Florida, First District.
January 17, 1992.
*763 Nancy A. Daniels, Public Defender, and W.C. McLain, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant seeks review of consecutive minimum mandatory sentences imposed by the trial court at re-sentencing pursuant to the mandate of the Florida Supreme Court in Downs v. State, 574 So.2d 1095 (Fla. 1991). The issue is whether consecutive minimum mandatory sentences may be imposed where the predicate offenses of first-degree murder and aggravated assault occurred during the course of the same criminal episode. We affirm, but certify the question presented by this case pursuant to Article V, section 3(b)(4), of the Florida Constitution, and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v).
The murder victim in this case was appellant's estranged wife. Evidence at trial established that appellant threatened his wife's life on several occasions, and that as a consequence, she returned to her parents' home with her two small children. Appellant threatened his wife with a firearm in the presence of a family friend, then shot her to death as she begged for her life.
The jury found appellant guilty of first-degree murder and aggravated assault, but recommended a life sentence. The trial court overrode the jury recommendation and imposed the death penalty, setting forth the supporting facts in a carefully detailed sentencing order. On appeal, the supreme court affirmed the first-degree murder and aggravated assault convictions, but vacated the sentence of death and remanded for imposition of a life sentence. The decretal portion of the opinion states:
We affirm Downs' conviction of first-degree murder and aggravated assault. However, we vacate the sentence of death and remand for imposition of a life sentence without possibility of parole for twenty-five years. We also affirm the five-year sentence for aggravated assault. In accordance with the judge's prior order, the two sentences shall be consecutive to each other. (Emphasis supplied.)
Downs v. State, 574 So.2d at 1099.
At resentencing, the trial court imposed a life sentence for the murder conviction, with a minimum mandatory term of twenty-five years, and a consecutive five-year sentence for the aggravated assault conviction. Because a firearm was used in the commission of the aggravated assault, a three-year minimum mandatory sentence was imposed to run consecutively to the minimum mandatory sentence on the first-degree murder charge.
In State v. Boatwright, 559 So.2d 210 (Fla. 1990), in response to a certified question from this court, the supreme court ruled that "the trial judge has the discretion to stack minimum mandatory sentences in all cases concerning capital felonies." The opinion discusses the distinction between minimum mandatory terms for capital felonies and the 3-year minimum mandatory provision for possession of a firearm in commission of a felony. Control of parole eligibility is the focus of the minimum mandatory provisions imposed in connection with capital felony sentencing. That is, "[t]he mandatory minimum sentence imposed upon a defendant upon conviction of a capital felony is the statutorily required penalty for each capital felony." 559 So.2d at 213. On the other hand, enhancement of the penalty for the underlying felony is the focus of the 3-year minimum mandatory provision for possession of a firearm. It does not appear that the Boatwright decision can be read as a limitation or retreat from Palmer v. State, 438 So.2d 1 (Fla. 1983), which proscribes stacking 3-year minimum mandatory sentences for offenses arising from incidents occurring at the same time and place during a continuous course of criminal conduct.
The court's discussion and analysis in Boatwright suggest that the stacking of minimum mandatory sentences is limited to cases involving only capital felonies, rather than to the situation in this case, that is, a capital felony and a third-degree felony *764 committed with a firearm. See Blair v. State, 559 So.2d 349 (Fla. 1st DCA 1990). Nevertheless, we affirm the imposition of consecutive minimum mandatory sentences in this case, as in accordance with the supreme court's mandate, but certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER A TRIAL JUDGE HAS DISCRETION TO STACK MINIMUM MANDATORY SENTENCES IN CASES INVOLVING CAPITAL FELONIES TOGETHER WITH NON-CAPITAL FELONIES COMMITTED WITH USE OF A FIREARM, WHERE THE PREDICATE OFFENSES ALL OCCURRED DURING THE COURSE OF THE SAME CRIMINAL EPISODE.
Accordingly, the trial court's sentencing disposition is affirmed.
JOANOS, C.J., and WIGGINTON and BARFIELD, JJ., concur.