PER CURIAM.
Appellant seeks review of his sentence after this court reversed a departure sentence of life imprisonment and remanded for re-sentencing within the guidelines. Cohen v. State, 656 So.2d 525 (Fla. 5th DCA 1995), review denied, 666 So.2d 901 (Fla.1996).[1] We find no error in the imposition of a minimum mandatory sentence for armed burglary based on the verdict finding him guilty of that offense “as charged in the information.” State v. Tripp, 642 So.2d 728 (Fla.1994), is distinguishable from the facts presented here. The stacking of minimum mandatory sentences was error, however. Because the two robberies and the aggravated assault were all committed during a single criminal episode, it was error to have these minimum mandatory sentences run consecutively. Jackson v. State, 659 So.2d 1060 (Fla.1995); State v. Boatwright, 559 So.2d 210 (Fla.1990); LeCroy v. State, 533 So.2d 750 (Fla.1988), cert, denied, 492 U.S. 925, 109 S.Ct. 3262, 106 L.Ed.2d 607 (1989); State v. Thomas, 487 So.2d 1043 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983). There was no adequate temporal or spacial distinction between the offenses that would permit the imposition of consecutive minimum mandatory sentences based on use of a firearm. Accordingly, we amend the judgment and sentences to reflect that the minimum mandatory sentences be served concurrently.
AFFIRMED IN PART; REVERSED IN PART; SENTENCES AMENDED.
PETERSON, C. J., and GOSHORN and GRIFFIN, JJ., concur.

. As noted by the parties at sentencing, our earlier opinion erroneously catalogued appellant’s convictions. In fact, he was convicted of: one count of burglary of a structure while armed (Count II); robbery with a firearm of Jerry Gause and Samuel Just (Counts III and IV); an aggravated assault of Audrey Newman with a firearm (Count VII); and two counts of grand theft auto.