861 So.2d 1261 (2003)
Antwan JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-294.
District Court of Appeal of Florida, Fourth District.
December 17, 2003.
*1262 Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Jones appeals his conviction and sentence of sexual battery on a child under twelve years old. He asserts that the trial court erred by designating him a prison releasee reoffender pursuant to section 775.082(9)(a)(3), Florida Statutes. He contends doing so was in error because he was convicted of a "capital" offense rather than a life felony. Jones also argues that the mandatory life sentence without parole in a case of sexual battery is a violation of the state and federal constitutional prohibitions against cruel and unusual punishment. We affirm.
Section 794.011, Florida Statutes, provides that "[a] person 18 years of age or older who commits sexual battery upon a person less than 12 years of age commits a capital felony." Capital felonies are punishable under section 775.082, Florida Statutes, which provides for punishment by death or life imprisonment without parole.
Under section 775.082(9), Florida Statutes, however, a defendant who qualifies as a prison releasee reoffender must be sentenced in accordance with the Prison Releasee Reoffender Act ("Act"). Under the Act, for a felony "punishable by life," a defendant is subject to a mandatory sentence of life imprisonment.[1]
It is clear that while a capital felony is one that is punishable by death, sexual battery is not punishable by death and is, therefore, no longer a capital crime in fact. See Batie v. State, 534 So.2d 694 (Fla. 1988); Buford v. State, 403 So.2d 943, 951 (Fla.1981).
In Batie, the supreme court recognized that sexual battery upon a child eleven years or younger may still be classified as a "capital" crime if the legislature intended to classify it as such for specific reasons. Id. The Batie court found that "it was the intent of the legislature and this Court to deny postconviction bail to a person convicted of sexual battery upon a child of the age of eleven years or younger" and, for purposes of rule 3.691, sexual battery upon a child would qualify as a capital felony. Id. at 695.
More recently, in Huffman v. State, 813 So.2d 10 (Fla.2000), a defendant, who was convicted of capital sexual battery and sentenced to life imprisonment, sought post-conviction relief over twenty years after his conviction. While Florida Rule of Criminal Procedure 3.850 provides that such a motion must be filed no more than two years after final judgment in a non-capital case, the Huffman court recognized *1263 that "even if a felony is classified in the Florida Statutes as a capital offense, it is not `capital' under case law unless it is subject to the death penalty." Id. at 12. The court concluded that sexual battery of a child qualifies as a non-capital offense for purposes of the post-conviction time limits under rule 3.850. Id.
Here, there is no reason not to treat the statutory "capital" offense as "non-capital" for the purpose of applying section 775.082(9)(a). The legislative intent of the Act is to deter prison releasees from committing further serious crimes. It is inconceivable that the legislature did not intend capital sexual battery, as a "felony punishable by life," to fall within the scope of the Act. Therefore, the trial court validly imposed sentence under section 775.082(9)(a).
We also reject Jones' contention that his mandatory life sentence violates the federal and state constitutional prohibitions against cruel and unusual punishment. Merely because Jones' sentence to life, without possibility of parole, is mandatory and severe, it does not follow that there is a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Phillips v. State, 807 So.2d 713 (Fla. 2d DCA 2002); Gibson v. State, 721 So.2d 363 (Fla. 2d DCA 1998). In Gibson, the court applied the "proportionality analysis" considered in Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Under Solem, a proportionality analysis includes consideration of
(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
Id. at 278, 103 S.Ct. 3001.
Here, the gravity of the offense is undeniable as the victim was eleven years old. Further, even prior to the legislature's elimination of the possibility of parole in 1995, Florida courts still found it was not cruel or unusual to impose a life sentence for the sexual battery of a child with a minimum of twenty-five years imprisonment prior to eligibility for parole. See Banks v. State, 342 So.2d 469 (Fla.1976). Therefore, it cannot be said that the legislature's imposition of a mandatory life sentence without the possibility of parole for this offense is out of sync with Florida's historic treatment of sexual battery of a child.
Although Jones asserts that, of the fifty states, only Louisiana requires a mandatory life sentence for capital sexual battery, many states impose a broad range of extensive punishment for sexual battery involving a child under a particular age. For example, in Texas, the penalty ranges from five years to 99 years, while in Mississippi and Rhode Island, a sentence ranges from twenty years to life imprisonment. See § 12.32(a), Tex. Penal Code; § 97-3-65(3)(c), Miss.Code; § 11-37-8.2 R.I. Gen. Laws. Accordingly, the treatment of the crime of capital sexual battery in other jurisdictions is not "so out of line as to render our legislature's selected punishment unconstitutional." Gibson, 721 So.2d at 369.
As to all other issues raised, we also find no reversible error or abuse of discretion.
KLEIN and TAYLOR, JJ., concur.
NOTES
[1] Because neither party addresses how the practical outcome would differ had Jones been sentenced to life imprisonment without the possibility of parole as a capital felon, pursuant to section 794.011, rather than as a prison releasee reoffender, we decline to comment on any such distinction between the statutes.