396 So.2d 843 (1981)
David L. TAUNTON, Appellant,
v.
George TAPPER, Appellee.
No. TT-87.
District Court of Appeal of Florida, First District.
April 10, 1981.
*844 Daniel S. Dearing, Tallahassee, for appellant.
William D. Moore and Wilton R. Miller of Bryant, Miller & Olive, Tallahassee, for appellee.
PER CURIAM.
This is an appeal from an order of the State of Florida Commission on Ethics which assessed attorney's fees against appellant. We reverse.
The Commission received a sworn complaint from appellant alleging that appellee had violated Section 112.313(7)(a), Florida Statutes (1979), by owning and managing a stevedoring company which was directly regulated by the Port St. Joe Port Authority, of which appellee was chairman. After the Commission found the complaint to be legally sufficient, a preliminary investigation was ordered. Fla. Admin. Code Rule 34-5-02. Based upon the preliminary investigation, the Commission found that there was no probable cause to believe that appellee violated Section 112.313(7)(a), and accordingly, dismissed the complaint. Fla. Admin. Code Rule 34-5.06.
Section 112.313(7)(a) provides:
No public officer or employee of an agency shall have or hold any employment or contractual relationship with any business entity or any agency which is subject to the regulation of, or is doing business with, an agency of which he is an officer or employee, ... nor shall an officer or employee of an agency have or hold any employment or contractual relationship that will create a continuing or frequently recurring conflict between his private interests and the performance of his public duties or that would impede the full and faithful discharge of his public duties.
Subsection (b) further provides:
This subsection shall not prohibit a public officer or employee from practicing in a particular profession or occupation when such practice by persons holding such public office or employment is required or permitted by law or ordinance.
Chapter 30787, Laws of Florida (1955) created the Port St. Joe Port Authority as a public agency for the development of port and commerce. Section 2 of the act provides that the Authority shall consist of five commissioners. That section also provides, in pertinent part, that: "No more that two (2) of the commissioners shall be persons who are primarily engaged in the maritime business."
The Commission's finding of no probable cause was based upon three grounds. First, although the preliminary investigation revealed that appellee was chairman of the Port St. Joe Port Authority and also sole owner of the St. Joe Stevedoring Company, the Commission found there was no violation of Section 112.313(7)(a) under the exception specified in Section 112.313(7)(b) since the special act creating the Authority permitted two commissioners of the Authority to be primarily engaged in the maritime business. The Commission's investigation revealed that appellee was the only commissioner of the Authority engaged in the maritime business. Second, the Commission concluded there was no violation since the investigation revealed that Port St. Joe Port Authority did not presently have an existing port facility and that the Authority had not issued any licenses to any stevedore company. Finally, the dismissal was based upon the fact that Section 310.28, Florida Statutes (1973), which authorized port authorities to license stevedores, had been held unconstitutional by the Supreme Court in Harrington & Company, Inc. v. Tampa Port Authority, 358 So.2d 168 (Fla. 1978).
Following the Commission's dismissal of the complaint, appellee petitioned for costs and attorney's fees pursuant to Section *845 112.317(8), Florida Statutes (1979). The Commission, in a 5 to 3 vote, found that the complaint was maliciously filed and was frivolous, and accordingly entered its order finding appellant liable for the attorney's fees incurred by appellee.
Section 112.317(8) provides:
In any case in which the commission determines that a person has filed a complaint against a public officer or employee with a malicious intent to injure the reputation of such officer or employee and in which such complaint is found to be frivolous and without basis in law or fact, the complainant shall be liable for costs plus reasonable attorney's fees incurred by person complained against.
This statute authorizes an assessment of costs only when the Commission finds the complaint was filed with a malicious intent and the complaint was frivolous in law or fact. Malfregeot v. Mobile Home Park Owners and Dealers of Martin Co., Inc.,, 388 So.2d 341 (Fla. 4th DCA 1980). In determining whether the complaint was frivolous in law or fact, we find the definition of "frivolous appeal" helpful.[1]Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (Fla. 1935), defined a frivolous appeal as follows:
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. [Citation omitted]. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
The Commission concluded that the complaint filed by appellant was frivolous because it was without basis in fact as the Port Authority had never licensed a stevedore and was without basis in law as the Port Authority had no legal authority to license stevedores. The Commission concluded the complaint was filed with a malicious intent to injure appellee's reputation because they found that appellant's failure to research the facts and the law more thoroughly indicated a reckless disregard for the truth of the allegations, thus evincing malicious intent.
We find the Commission erroneously concluded the complaint was frivolous and without basis in law or fact. Admittedly, the Commission found after a preliminary investigation that there was no probable cause to believe appellee violated Section 112.313(7)(a). However, such determination was not made until after factual investigations, legal research, and the Commission's statutory interpretation and construction of the pertinent laws and statutes. The Commission's determination that there was no violation of Section 112.313(7)(a) because of the exception set forth in Section 112.313(7)(b) was dependent upon its factual investigation which revealed that no commissioner of the Authority, other than appellee, was primarily engaged in the maritime business. The Commission's determination that the complaint was without basis in fact was dependent upon its factual investigation which revealed that no stevedores had been licensed by the Authority. This determination was also based upon the Commission's apparent construction of the "which is subject to the regulation of" phrase in Section 112.313(7)(a) to require present, as opposed to future, regulation. The Commission's determination that the complaint was without basis in law was based upon its legal research which revealed that Section 310.28 had been declared unconstitutional. It is thus apparent *846 that though appellant was wrong, the complaint can not be characterized as "completely untenable" or clearly frivolous, as that term is defined in Treat v. State ex rel. Mitton, supra.
Because the Commission erroneously interpreted Section 112.317(8) and a proper interpretation does not support the finding that appellant's complaint was frivolous, we vacate the Commission's order assessing attorney's fees against appellant. § 120.68(9), Fla. Stat. (1979). In light of this determination, it is unnecessary to consider whether the Commission properly interpreted the provision of the statute which requires that the complaint be filed with a malicious intent to injure the reputation of the public officer.
REVERSED.
ERVIN and SHIVERS, JJ., and WOODIE A. LILES (Ret.), Associate Judge, concur.
NOTES
[1] Section 57.105, Florida Statutes (Supp. 1978) appears most analogous to the statute at hand. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980) interpreted Section 57.105 as requiring a finding that the action is frivolous, and relied upon the definition of frivolous appeal to resolve this issue.