PER CURIAM.
David Huffman appeals an order of the trial court enjoining Huffman from filing further pro se motions and actions that attack his 1972 conviction and sentence for rape. We affirm.[1]
*533 Since 1988, Huffman has filed at least eleven challenges to this conviction in this court, with this challenge being the twelfth. None of his claims have merited relief. The trial court, confronted with a similar record of successive and duplicative claims, issued an order to show cause to Huffman why he should not be prohibited from further attacks on the conviction in the trial court. Huffman responded with arguments that are unsupported by any legal authority applicable to the facts of his situation. The trial court, after addressing Huffman’s arguments, enjoined him from filing any future pro se challenges to the conviction and sentence. Huffman has been afforded due process, and has provided the trial court with no legal reason to refrain from issuing the order.
This court has previously affirmed a trial court order that restricted Huffman from filing further attacks on his 1986 convictions. See Huffman v. State, 693 So.2d 570 (Fla. 2d DCA 1996). This court has also announced that it will reject further attacks on the 1986 convictions. See Huffman v. Singletary, 696 So.2d 788 (Fla. 2d DCA 1997). Because of Huffman’s continuing abuse of the judicial process, we not only affirm the order of the trial court, but also direct the clerk of this court to reject for filing all notices of appeal and petitions for extraordinary relief arising out of Huffman’s 1972 rape conviction. Any original proceedings filed in this court filed in violation of this opinion will be automatically placed in an inactive file and any notices of appeal received by the court from the circuit court that pertain to Huffman’s 1972 conviction will be summarily stricken by this court.
Affirmed.
CAMPBELL, A.C.J., and GREEN and DAVIS, JJ., Concur.

. Huffman's notice of appeal also listed the order denying his motion for postconviction relief as an order subject to the notice. The notice Gf appeal of this order is untimely, and fails to vest jurisdiction in this court to consider the appeal. The certificate of service on *533 the notice reflects that it was mailed from prison on February 25, 1999, and the order was entered January 7, 1999. Accordingly, that aspect of this appeal is dismissed.