813 So.2d 10 (2000)
David HUFFMAN, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-2681.
Supreme Court of Florida.
June 7, 2000.
Rehearing Denied November 1, 2001 and March 15, 2002.
David Huffman, Arcadia, FL, Petitioner, pro se.
No appearance, for Respondent.
PER CURIAM.
David Huffman petitions this Court for a writ of mandamus. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const. We deny the petition but write to explain the application of Florida Rule of Criminal Procedure 3.850 to all cases except those in which the death penalty is actually imposed.
*11 Huffman sought postconviction relief from his 1972 conviction for capital rape of an adult female.[1] Huffman's motion was denied by the trial court and the Second District Court of Appeal affirmed, sanctioning Huffman for his abuse of the judicial system. See Huffman v. State, 741 So.2d 532 (Fla. 2d DCA 1999). In the opinion, the district court noted that the trial court has similarly barred Huffman from filing further challenges to his 1972 conviction. Id. at 533.
In the instant petition, Huffman alleges that the trial court is wrongfully denying his rule 3.850 motions as untimely and the district court is refusing to take his appeals. Huffman further claims that the filing time limits listed in Florida Rule of Criminal Procedure 3.850 only cover noncapital defendants and capital defendants who are sentenced to death. Thus, Huffman argues that since he is a capital defendant who is serving a life sentence, he does not fit under these time limits and he should be allowed to file for postconviction relief at any time. Huffman claims that the lower courts are denying him access to the courts and therefore this Court should issue a writ of mandamus, compelling the lower courts to accept and consider his filings for relief from his 1972 conviction.
We conclude that Huffman's claims against the lower courts have no merit. In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available. See Turner v. Singletary, 623 So.2d 537, 538 (Fla. 1st DCA 1993). If Huffman has abused the judicial process to the point that the lower courts have sanctioned him by prohibiting further filings, we conclude that he has no right to continue to file procedurally barred or successive petitions or postconviction motions. As such, we conclude that Huffman is not entitled to mandamus relief as a means to override the lower courts' sanction orders.
Regarding Huffman's claim that the rule 3.850 time limits do not apply to capital defendants serving life sentences, we conclude that this argument similarly lacks merit. Nevertheless, we take this opportunity to clarify the term "noncapital" as it is used in rule 3.850. We agree that upon first glance, it appears that defendants convicted of capital crimes, but not sentenced to death, are excluded from the time limits delineated under Florida Rule of Criminal Procedure 3.850. As written, rule 3.850(b) provides:
A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed [unless the claim raised falls under certain exceptions listed in this rule].
However, a review of our case law in this area demonstrates that even though certain types of sexual crimes qualify as capital felonies under either current or prior versions of the Florida Statutes, Huffman and other defendants convicted of capital crimes, but not sentenced to death, qualify as noncapital defendants for the purposes of rule 3.850.
Huffman was charged with violating section 794.01, Florida Statutes (1971), titled "Raped and forcible carnal knowledge." This statute provided: "Whoever ravishes *12 and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be guilty of a capital felony, punishable as provided in § 775.082." Section 775.082(1), Florida Statutes (1971), provided:
A person who has been convicted of a capital felony shall be punished by death unless the verdict includes a recommendation to mercy by a majority of the jury, in which case the punishment shall be life imprisonment.
In 1974, the statute under which Huffman was charged was repealed. See ch. 74-121, § 1, at 372, Laws of Fla. In the same chapter, the Legislature enacted section 794.021, titled "Involuntary Sexual Battery."[2] In 1981, this Court held that a sentence of death for capital sexual battery constituted cruel and unusual punishment. See Buford v. State, 403 So.2d 943 (Fla. 1981). Thus, a conviction for capital sexual battery would result in a mandatory life sentence. See id. at 954 ("This is an automatic sentence, and the Court has no discretion."). This Court cited Coker v. Georgia, 433 U.S. 584, 592, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), in which the United States Supreme Court held that a sentence of death for the crime of rape of an adult woman was grossly disproportionate and excessive punishment forbidden by the Eighth Amendment. Subsequently, in Rusaw v. State, 451 So.2d 469, 470 (Fla.1984), this Court held that "a capital crime is one in which the death sentence is possible." Under this holding, even if a felony is classified in the Florida Statutes as a capital offense, it is not "capital" under case law unless it is subject to the death penalty.
Under the aforementioned case law, forcible rape of a female over the age of ten years constitutes a noncapital offense even though the 1971 Florida Statutes classified this crime as a "capital offense." Hence, we conclude that Huffman and all other defendants convicted of crimes that may be classified as capital in the Florida Statutes, but who were not actually sentenced to death, qualify as noncapital defendants under Florida Rule of Criminal Procedure 3.850. Under the time limits delineated by rule 3.850, Huffman as a noncapital defendant had two years from the time his judgment and sentence in his "capital" rape case became final to file for postconviction relief (absent the presence of one of the exceptions listed under the rule).
Accordingly, we find no merit to Huffman's argument that he has the right to file rule 3.850 motions for postconviction relief at any time. The petition for writ of mandamus is hereby denied.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Huffman does not list the claims that he raised in his motion for postconviction relief.
[2] Prior to 1984, the victim had to be a person under the age of eleven. See ch. 84-86, § 1, at 262, Laws of Fla. (changing upper limit of age range from eleven to twelve).