ON ORDER TO SHOW CAUSE
 

 PER CURIAM.
 

 We sua sponte consolidate these three cases only for the purpose of this opinion. In these three consolidated cases, David Shead Huffman raised the same or similar collateral challenge to his convictions and incarceration in several unrelated cases. In various forms, he contends that his sentences for offenses committed in the 1970’s and 1980’s are void and that he must be immediately and forever released because when he was sentenced he was committed to the Department of Health and Rehabilitative Services, Division of Corrections. He argues that the Department of Corrections, 'which is presently responsible for executing sentences, lacks authority to hold him and that he must be immediately discharged.
 
 [1]
 
 We have seen a spate of prisoner filings raising variations of this claim which we find devoid of any arguable merit.
 

 These untimely and procedurally barred postconviction challenges and the related appeals are frivolous.
 
 Taunton v. Tapper,
 
 396 So.2d 843, 845 (Fla. 1st DCA 1981) (quoting
 
 Treat v. State ex rel. Mitton,
 
 121 Fla. 509, 163 So. 883, 883-84 (1935), and defining a frivolous appeal as “one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed”).
 

 Understanding Huffman’s history of abusive postconviction filing requires background. In 1972, in Sarasota circuit court
 
 *892
 
 case number 58-870, Huffman was convicted of rape and burglary with an assault. He was sentenced to life in prison for the rape. In 1976, Huffman was convicted for escape in Palm Beach circuit court case number 76-1845. Huffman long ago completed his one year and three month sentence for the escape. Nevertheless, his postconviction challenges to the escape conviction continue now,
 
 more than three decades later.
 
 In 1986, following his release on parole for the 1972 rape, Huffman was convicted of armed sexual battery and armed burglary in Sarasota circuit court case number 85-1782. He was sentenced to two life sentences in that case.
 

 The time for bringing postconviction challenges to all of these cases has long since expired. Fla. R.Crim. P. 3.850(b). Nevertheless, Huffman filed two petitions for writ of habeas corpus and a motion for postconviction relief raising variants of the same frivolous issue in our circuit courts.
 

 Because the issue raised in these appeals was frivolous, malicious, and not brought in good faith, and because Huffman has a long, well-documented history of abusive postconviction filing in the courts of this state,
 
 [2]
 
 we ordered Huffman to show cause why he should not be referred to prison officials for disciplinary procedures and prohibited from further
 
 pro se
 
 filing in this court. § 944.279(1), Fla. Stat. (2009);
 
 State v. Spencer,
 
 751 So.2d 47 (Fla.1999).
 

 When Huffman filed these cases, he was housed at Okeechobee Correctional Institution. Because he was alleging an entitlement to immediate release, he filed collateral challenges to his Sarasota convictions in Okeechobee circuit court which had jurisdiction over the prison where he was housed. We will not allow the courts of this district to become a new front for Huffman’s abusive filing. Huffman has previously filed a number of appeals and petitions in this court which were similarly devoid of merit and procedural!y barred.
 
 [3]
 

 In the short time he was housed in an Okeechobee County prison, he filed three more cases in circuit court and three more appeals. Huffman’s response to this court’s order to show cause does not excuse his untimely and frivolous filings in these cases. The courts and people of this state must be protected.
 

 We therefore direct the clerk of this court to forward a copy of this opinion to
 
 *893
 
 the appropriate institution for disciplinary procedures. § 944.279(1), Fla. Stat. (2009). Further, the clerk of this court is directed to no longer accept any of David Shead Huffman’s
 
 pro se
 
 filings unless the document is signed by an attorney licensed to practice law in Florida who certifies that the document is filed in good faith.
 

 TAYLOR, HAZOURI and LEVINE, JJ., concur.
 

 [1]
 

 . In 1975, the powers, duties, and functions of the Division of Corrections of the Department of Health and Rehabilitative Services was transferred to the Department of Offender Rehabilitation. Ch. 75-49, § 2, Laws of Fla. In 1978, the Department of Offender Rehabilitation was renamed the Department of Corrections. Ch. 78-53, § 1, Laws of Fla.
 

 [2]
 

 . The Sarasota circuit court and Second District Court of Appeal have prohibited Huffman from raising any more
 
 pro se
 
 challenges to his convictions and sentences.
 
 See Huffman v. Singletary,
 
 696 So.2d 788 (Fla. 2d DCA 1997) (barring
 
 pro se
 
 filing as to the 1986 rape conviction);
 
 Huffman v. State,
 
 741 So.2d 532 (Fla. 2d DCA 1999) (affirming the trial court’s bar on filing and imposing bar on further
 
 pro se
 
 filing as to 1972 rape conviction).
 
 See also Huffman v. State,
 
 693 So.2d 570 (Fla. 2d DCA 1996) (affirming the trial court’s prohibition against further
 
 pro se
 
 filing as to 1986 rape conviction). The Florida Supreme Court denied Huffman's petition for writ of mandamus which sought to compel the lower courts to hear his untimely postcon-viction challenges.
 
 Huffman v. State,
 
 813 So.2d 10, 11 (Fla.2000).
 

 [3]
 

 .
 
 See, e.g., Huffman v. Dugger,
 
 568 So.2d 948 (Fla. 4th DCA 1990) (4D90-763) (affirming with citation indicating that petition was procedurally barred);
 
 Huffman v. Singletary,
 
 672 So.2d 112 (Fla. 4th DCA 1996) (4D95-745) (affirming habeas corpus dismissal with prejudice because the petition was procedurally barred);
 
 Crony v. Singletary,
 
 737 So.2d 1099 (Fla. 4th DCA 1999) (4D98-3797);
 
 Huffman v. Braswell,
 
 764 So.2d 617 (Fla. 4th DCA 1999) (4D99-1211);
 
 Huffman v. State,
 
 845 So.2d 208 (Fla. 4th DCA 2003) (4D02-2041);
 
 Huffman v. Lambdin,
 
 980 So.2d 510 (Fla. 4th DCA 2008) (4D07-3847);
 
 Huffman v. State,
 
 993 So.2d 535 (Fla. 4th DCA 2008) (4D08-987).