PER CURIAM.
The petition for writ of mandamus is denied. Huffman v. State, 813 So.2d 10, 11 (Fla.2000) (“In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available”).
Because this petition for writ of mandamus was the fourteenth proceeding filed in this court to challenge a 2005 criminal judgment and sentence, petitioner was directed to show cause why sanctions should not be imposed against him, including a prohibition against any future appeals or petitions challenging the judgment and sentence, unless petitioner is represented by an attorney in good standing with The Florida Bar. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999). Petitioner’s response fails to present a legal reason why sanctions should not be imposed.
Because it is apparent that petitioner’s continued and repeated attacks on his conviction and sentence have become an abuse of the legal process, we hold.that he is barred from future pro se filings in this court concerning Duval County Circuit Court case number 2005-CF-002403-AXXX-MA. The clerk of this court is directed hot to accept any future filings concerning that case number unless they are signed by a member in good standing of The Florida Bar.
Petitioner is warned that any filings which violate the terms of this opinion may result in a referral to the appropriate institution for disciplinary procedures as provided, in section 944.279,- Florida Statutes (2015) (providing that a prisoner'who is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal is subject to disciplinary procedures pursuant to the rules of the Department of Corrections). See Fla. R. App. P. 9.410.
ROBERTS, C.J., WOLF and RAY, JJ., concur.