Petitioner Jerry Chiarella's petition for writ of mandamus is treated as a petition for writ of habeas corpus, and that petition is granted. See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000) ("In order to be entitled to a writ of mandamus ... the petitioner must have no other adequate remedy available."). Section 903.035(2), Florida Statues (2017), states that "[a]n application for modification of bail on any felony charge must be heard by a court in person, at a hearing with the defendant present, and with at least 3 hours' notice to the state attorney." (Emphasis added.) The court's denial of Mr. Chiarella's motion following the inadequate June 22, 2017, hearing renders Mr. Chiarella's detention unlawful, as he was not given an adequate opportunity to contest the reasonableness of his bail. We therefore grant the petition for writ of habeas corpus and order that the trial court hold a new hearing on Mr. Chiarella's motion to reduce bail, with Mr. Chiarella present, within five days of the date of this order.
NORTHCUTT, CRENSHAW, and BLACK, JJ., Concur.