# Supreme Court of Florida

_____

No. SC18-1163
_____

**SIDNEY MARTS JR.,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

December 20, 2018

PER CURIAM.

This case is before the Court on the petition of Sidney Marts Jr. for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. Petitioner Marts has pro se filed twenty-nine petitions or notices with this Court since September 17, 2008. On September 12, 2018, we dismissed the instant petition, expressly retained jurisdiction, and ordered Marts to show cause why he should not be barred from filing further pro se requests for relief in this Court related to circuit court case number 172007CF006067XXXAXX. *See Marts v. Jones*, No. SC18-1163, 2018 WL 4346302 (Fla. Sept. 12, 2018).

We now find that Marts has failed to show cause why he should not be barred, and we sanction him as set forth below.

In First Judicial Circuit Court (Escambia County) case number 172007CF006067XXXAXX, Marts was convicted of one count of fraudulent use of personal identification, one count of uttering a forged instrument, one count of grand theft, and one count of resisting a law enforcement officer without violence; he was sentenced to five years' imprisonment on each conviction on September 3, 2008. His convictions and sentences were per curiam affirmed on direct appeal. *Marts v. State*, 25 So. 3d 1227 (Fla. 1st DCA 2009).

Since September 17, 2008, Marts has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court. Including the petition in the instant case, Marts has filed twenty-nine pro se petitions or notices with this Court since September 17, 2008.[1] The Court has disposed of twenty-four of these filings to date, not including the petition in this case. Additionally, three of Petitioner's filings were voluntarily dismissed and one is currently pending before the Court. This Court has never granted Marts the relief sought in any of his filings here. Each of the twenty-four petitions and notices was denied, dismissed,

---

1. *See Marts v. Jones*, No. SC18-1163, 2018 WL 4346302 (Fla. Sept. 12, 2018).

or transferred to another court for consideration; his petition in this case is no exception.

Marts filed the instant petition for writ of habeas corpus with this Court on July 12, 2018. In it, Marts challenged his criminal punishment scoresheet and sentences. Because Marts filed the instant petition almost nine years after his convictions and sentences became final, rather than transferring the petition to the trial court we dismissed the petition pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). To the extent that the petition could be construed as seeking mandamus relief, we denied the petition pursuant to *Huffman v. State*, 813 So. 2d 10 (Fla. 2000). We expressly retained jurisdiction to consider the imposition of sanctions. In accordance with *State v. Spencer*, 751 So. 2d 47 (Fla. 1999), we ordered Marts to show cause why he should not be barred frrom filing further pro se requests for relief.

Marts did not file a response to this Court's order. Instead, Marts filed a "Motion for Enlargement of Time w/ Motion for Production of Record and to Certify Record with Written Statement," which we denied in an October 1, 2018, order. Marts filed a second filing, a "Motion to Hold Clerk, John A. Tomasino in Direct and Indirect Contempt of Court w/ Petition for Rehearing of Motion for Enlargement of Time w/ Motion for Production of Record and to Certify Record with Written Statement into a Timely Response to Order to Show Cause by

Amendment Under Relation Back Doctrine" on October 19, 2018. In his motion, Marts states that the Clerk of this Court willfully and maliciously denied his first motion. He further states that his first motion was timely filed and should be reinstated as a response to this Court's order to show cause under the "relation back doctrine."[2] Additionally, Marts contends that due process affords him the right to respond to this Court's order before any sanctions can be imposed pursuant to this Court's decision in *State v. Spencer*, 751 So. 2d 47 (Fla. 1999). Neither of Marts' motions contains any justification for his continued abuse of this Court's limited resources by filing numerous meritless pro se notices and petitions.

Therefore, based on Marts' extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate

---

2. Marts relies on this Court's decision in *Bryant v. State*, 901 So. 2d 810 (Fla. 2005). In *Bryant*, we held that when a defendant's initial postconviction motion fails to comply with the requirements of Florida Rule of Criminal Procedure 3.851, the proper procedure is for the court to strike the motion with leave to amend within a reasonable period of time. *Id*. at 819.

filings"). If no action is taken, Marts will continue to burden this Court's resources. We further conclude that Marts' habeas corpus petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2018).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Sidney Marts Jr. that are related to case number 172007CF006067XXXAXX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Marts' petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2018), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Marts is incarcerated.

Marts' "Motion to Hold Clerk, John A. Tomasino in Direct and Indirect Contempt of Court w/ Petition for Rehearing of Motion for Enlargement of Time w/ Motion for Production of Record and to Certify Record with Written Statement into a Timely Response to Order to Show Cause by Amendment Under Relation Back Doctrine" is hereby denied.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

Original Proceeding – Habeas Corpus

Sidney Marts Jr., pro se, Perry, Florida,

    for Petitioner

No appearance for Respondent