DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JERRY A. RIGGS, SR.,**
Petitioner,

v.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO BANK OF AMERICA, N.A., AS TRUSTEE, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-3 ASSET BACKED NOTES,**
Respondent.

No. 4D20-1681

[September 16, 2020]

Petition for writ of mandamus/certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE 14-020167.

Samuel D. Lopez of Samuel D. Lopez, P.A., Southwest Ranches, for petitioner.

Allison Morat of Bitman O'Brien & Morat, PLLC, Lake Mary, for respondent.

MAY, J.

The borrower petitioned this court for a writ of mandamus or alternatively, certiorari. He sought review of an order entered on his motion for reconsideration entered without a hearing and to compel the court to conduct a hearing.

"In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000).

Denial of a mandamus petition is the correct disposition when a petitioner fails to show that the respondent has a ministerial duty to perform the requested action. *See, e.g., id.*; *see also Campbell v. State*, No. SC12-798, 2012 WL 2685023, at *1 (Fla. July 3, 2012) ("Because petitioner has failed to show that the respondent has a ministerial duty to order reinstatement of any motion pursuant to Florida Rule of Criminal Procedure 3.850, the petition for writ of mandamus is hereby denied."). Here, the petitioner has failed to show that the trial court had no ministerial duty to hold a hearing on the motion for reconsideration.

The request for mandamus relief lacks merit and is denied.

As for the request for certiorari relief, the petition fails to demonstrate that the order causes material injury that cannot be corrected on postjudgment appeal. We therefore lack jurisdiction to grant certiorari relief from the nonfinal order. *Williams v. Oken*, 62 So. 3d 1129, 1132–33 (Fla. 2011); *Bared & Co., Inc. v. McGuire*, 670 So. 2d 153 (Fla. 4th DCA 1996).

*Petition for writ of mandamus denied.*

WARNER and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***