# Supreme Court of Florida

—————

No. SC2022-1408

—————

**DARYL A. SANDERS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

April 13, 2023

PER CURIAM.

Daryl A. Sanders, a pretrial detainee in the custody of the Volusia County Jail, filed a pro se petition for writ of mandamus with this Court.[1]  We denied the petition, expressly retained jurisdiction, and directed Sanders to show cause why sanctions should not be imposed against him for his abuse of the Court's limited resources.  *See Sanders v. State*, No. SC2022-1408, 2023 WL 128261 (Fla. Jan. 9, 2023); *see also* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  Having considered his response to the

---

1.  We have jurisdiction.  *See* art. V, § 3(b)(8), Fla. Const.

show cause order, we find that Sanders has failed to show cause why he should not be pro se barred, and we sanction him as set forth below.

Sanders was convicted of multiple offenses in the Circuit Court of the Seventh Judicial Circuit (Volusia County). He was sentenced to various terms of imprisonment, to be followed by a period of probation upon his release. He was later arrested in August 2022 for violating the terms and conditions associated with his probation.

Since 2020, Sanders has engaged in a vexatious pattern of filing meritless pro se requests for relief in this Court pertaining to a multitude of civil and criminal cases filed by or against him. Including the petition in this case, Sanders has filed 21 pro se petitions with this Court.[2] We have never granted Sanders the relief sought in any of his filings. Rather, we have denied, dismissed, or transferred each of his petitions. Sanders' petition in this case is no exception. In the petition, Sanders claimed that the Volusia County

_____

2. *See Sanders v. State*, No. SC2022-1408, 2023 WL 128261 (Fla. Jan. 9, 2023); *Sanders v. Chitwood*, No. SC2023-0032, 2023 WL 126427 (Fla. Jan. 9, 2023).

Jail was refusing to allow a notary to sign his Determination of Indigency form, and he sought an order compelling the jail to notarize the form. Nowhere in his petition, however, did Sanders even attempt to demonstrate that he possessed a clear legal right to the relief requested, as required by our case law. *See Huffman v. State*, 813 So. 2d 10 (Fla. 2000). We therefore denied the petition and directed Sanders to show cause why he should not be barred from filing any further pro se requests for relief.

In response to the show cause order, Sanders contends that all his filings had merit and that he exhausted every remedy before coming to this Court. But if this were true, Sanders would have sought relief in this Court through the normal appellate process rather than through extraordinary writ petitions. Sanders' inability to obtain the relief he seeks does not justify his repeated misuse of this Court's limited judicial resources. Although he expresses remorse and states that he will abstain from further filings in this Court unless "legally necessary," we are not convinced that Sanders will in fact abandon his practice of filing meritless or wholly inappropriate requests for relief.

Thus, we find that he has failed to show cause why he should not be sanctioned for his abusive conduct. Therefore, based on Sanders' extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Sanders will continue to burden the Court's resources, as evidenced by his incessant filings despite being cautioned in 2021 that repetitive requests for the same relief or the submission of frivolous or meritless filings may result in sanctions. *See Sanders v. Fla. Dep't of Child. & Fams.*, No. SC2021-1484, 2021 WL 6066818 (Fla. Dec. 22, 2021).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Daryl A. Sanders, unless such filings are signed by a member in good standing of The Florida Bar.

- 4 -

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

Original Proceeding – Mandamus

Daryl A. Sanders, pro se, Daytona Beach, Florida,

for Petitioner

No appearance for Respondent